# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on April 24, 2014

## MARGARET RENEE WRIGHT v. PATRICIA DUNLAP ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. MC CC CV OD 13-516      Ross Hicks, Judge**

_____

**No. M2014-00238-COA-R3-CV - Filed April 30, 2014**

_____

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Margaret Renee Wright, Clarksville, Tennessee, Pro Se.

Roger Kreis White, Clarksville, Tennessee, for the appellee, Patricia Dunlap.

### MEMORANDUM OPINION[1]

The plaintiff, Margaret Renee Wright, has appealed from the dismissal of her action for damages arising out of an automobile accident. Upon review of the record, this court determined that neither Ms. Wright's Tenn. R. Civ. P. 59 motion nor her notice of appeal were timely filed. We thus ordered Ms. Wright to show cause why her appeal should not be dismissed. Ms. Wright's trial counsel has filed a response asserting that both Ms. Wright's Tenn. R. Civ. P. 59 motion and her notice of appeal were in fact timely filed.[2] It appears from

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Counsel has not been retained to represent Ms. Wright on appeal and Ms. Wright is proceeding pro se. Nevertheless, counsel has filed a response on behalf of Ms. Wright "in the interest of correcting the
(continued...)

Ms. Wright's response that certain documents were omitted from the record. Nevertheless, we still conclude that Ms. Wright's Tenn. R. Civ. P.59 motion was untimely and thus dismiss the appeal.

In our April 9, 2014 show cause order, we determined from the record on appeal that the trial court entered a judgment in accordance with the jury's verdict on October 11, 2013. On November 15, 2013, Ms. Wright filed a Tenn. R. Civ. P. 59 motion to alter or amend the judgment or for a new trial. The trial court denied the Tenn. R. Civ. P. 59 motion on December 30, 2013, and Ms. Wright filed a notice of appeal on February 3, 2014.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the judgement appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of entry of the order granting or denying the motion. However, the Tenn. R. Civ. P. 59 motion must be filed within thirty days after entry of the judgment. An untimely Tenn. R. Civ. P. 59 motion will not extend the time for filing a notice of appeal.

The record on appeal contains a judgment entered on October 11, 2013, dismissing Ms. Wright's action. We thus concluded in our April 9, 2014 order that Ms. Wright's November 15, 2013 Tenn. R. Civ. P. 59 motion was untimely and did not extend the time for filing a notice of appeal. Ms. Wright asserts the judgment was actually entered on October 22, 2013, and her Tenn. R. Civ. P.59 motion was thus timely filed.

The record clearly shows a judgment dismissing the action was entered on October 11, 2014. It appears, however, that a duplicate judgment virtually identical to the October 11, 2014 judgment was entered on October 22, 2014, but not included in the record on appeal. Where two substantially identical judgments are entered, the time for filing a notice of appeal or Tenn. R. Civ. P. 59 motion begins to run upon entry of the first judgment. *Ball v. McDowell*, 288 S. W. 3d 833, 838 (Tenn. 2009) ("When consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment."). Ms. Wright's Tenn. R. Civ. P. 59 motion was not filed with the trial court clerk within thirty days after entry of the October 11, 2013 judgment. The entry of a virtually identical judgment on October 22, 2013, was superfluous and did not extend the time for filing a Tenn. R. Civ. P. 59 motion or a notice of appeal.

---

[2](...continued)
record for all concerned."

Ms. Wright also asserts she filed her notice of appeal on January 29, 2014, within thirty days after the December 30, 2013 order denying her Tenn. R. Civ. P. 59 motion. While the form notice of appeal contained in the record was not filed until February 3, 2014, it does appear Ms. Wright filed a different notice of appeal on January 29, 2014, but that notice was not included in the record. However, the filing of the January 29, 2014 notice of appeal is irrelevant. Because the Tenn. R. Civ. P. 59 motion was untimely, the Tenn. R. Civ. P.59 motion did not extend the time for filing the notice of appeal. Ms. Wright was, thus, required to file her notice of appeal within thirty days of the October 11, 2013 judgment, not the December 30, 2013 order denying the Tenn. R. Civ. P.59 motion. Thus, both notices of appeal were untimely filed.

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869.

The appeal is hereby dismissed. Margaret Renee Wright is taxed with the costs for which execution may issue.

PER CURIAM