# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 21, 2016 Session

## AMANDA PARKER JONES v. PARKER JONES

**Appeal from the Chancery Court for Gibson County**
**No. H5658    George R. Ellis, Chancellor**
_____

**No. W2015-01304-COA-R3-CV – Filed July 22, 2016**
_____

Because the order appealed is not a final judgment, we dismiss the appeal for lack of subject matter jurisdiction.  Tenn. R. App. P. 3(a).

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which W. NEAL MCBRAYER, J., and DAVID R. FARMER, SP. J. joined.

Andrea D. Sipes, Jackson, Tennessee, for the appellant, Amanda Parker Jones.

Betty Stafford Scott, Medina, Tennessee, for the appellee, Parker Jones.


## OPINION

### I.    Background

Appellant Amanda Parker Jones ("Mother") and Appellee Parker Jones ("Father") were divorced on October 12, 2011.  In conjunction with the divorce, the trial court entered a permanent parenting plan for the parties' twin sons, born January 14, 2011.  Under the parenting plan, Mother was named primary residential parent and Father exercised parenting time regularly.  At the time of the divorce, the children's maternal grandparents kept them while mother worked.  Mother, Father, and the maternal grandparents were initially cooperative in caring for the children.  However, in 2012, Mother became involved with Andrew Bechtel, a relationship to which Mother's family and Father objected.  Allegedly, Mother began neglecting the medical needs of the children, which caused her relationship with both Father and her own family to deteriorate.  Despite her family's objection, in

October 2013, Mother married Mr. Bechtel. The situation did not improve following Mother's marriage to Mr. Bechtel.

On April 24, 2014, Father filed a motion for temporary restraining order, for contempt, for drug testing of Mother, and to modify the permanent parenting plan. In his motion, Father alleged that Mr. Bechtel was "a known prevaricator with a significant history of violence and alcohol and drug addiction." Father alleged that Mr. Bechtel was diagnosed with post-traumatic stress disorder with his main symptom being drug and alcohol addiction. According to Father, Mr. Bechtel had at least two charges of driving under the influence. Father also alleged that Mr. Bechtel had a domestic abuse charge including possession of a fire arm in violation of a prior court order. Father further alleged that Mr. Bechtel attacked Father without provocation.

Concerning Mother, Father's motion alleged that she had "committed several contumacious acts" since the parties' divorce. Specifically, Father alleged, among other things, that Mother's behavior was erratic and that Mother was isolating herself and the children from close family members. Father alleged that Mother refused to take care of the children's medical needs and rejected the advice of the children's physician in order to placate Mr. Bechtel. Based on the allegations in his motion, Father asked the court to award him primary residential custody of the children and to enjoin Mr. Bechtel from disciplining or physically touching the children.

On April 24, 2014, the trial court entered a temporary restraining order against Mother. On May 2, 2014, Mother filed a response to Father's motion, wherein she denied the material allegations contained in Father's motion. Concurrent with her response, Mother filed a counter-petition for contempt against Father alleging that he had violated several provisions of the parenting plan.

The parties appeared in court on May 20, 2014, at which time the trial court ordered Mother and Mr. Bechtel to submit to a ten panel nail follicle drug test the following day. The trial court also ordered that the maternal great-grandmother would supervise Mother's parenting time and listed several dates and times in which Mother would exercise supervised parenting time. On July 29, 2014, Father filed a motion for civil contempt alleging that Mr. Bechtel had failed to submit to the previously ordered drug test. The hearing on Father's motion to modify the permanent parenting plan took place over four days from October 8, 2014 through February 11, 2015. At the conclusion of the proof, the trial court took the matter under advisement. On June 12, 2015, the trial court entered an order granting Father's motion and naming him primary residential parent. The trial court granted Mother supervised visitation. Mother appeals.

## II.    Issues

Mother presents the following issues on appeal:

1.      Whether the trial court erred by repeatedly permitting evidence in violation of the Tennessee Rules of Evidence.

2.      Whether the trial court erred by finding a material change in circumstances sufficient to warrant a change in custody.

3.      Whether the trial court erred by failing to establish a permanent parenting plan.

In the posture of Appellee, Father presents the following issues on appeal:

4.      Whether the trial court erred in not ruling on Father's request for attorney's fees.

5.      Whether the trial court should award Father attorney's fees.

Because the order appealed is not a final order, we are without subject matter jurisdiction to review Mother's issues in this appeal. Tenn. R. App. P. 3(a).

### III.      Discussion

Tennessee Rule of Appellate Procedure 13(b) requires this Court to determine whether we have subject matter jurisdiction to adjudicate an appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 639 (Tenn. 1996). Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. "A final judgment… is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009). The subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs. v. Jones,* 783 S.W.2d 553, 559 (Tenn. 1990). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Id.*

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is

subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3 (a).

Although it is clear from the order that Mother is to have supervised parenting time, the order does not indicate a specific time or duration for Mother's parenting time. The order also fails to include provisions for holidays, birthdays of family members, vacations, and other special occasions as contemplated by statute. See Tenn. Code Ann. §36-6-402(5). In this case, the trial court made extensive findings of fact to support its designation of Father as the primary residential parent. However, with regard to the parenting schedule, the order merely states that "[t]he court finds that [Father] should be ma[d]e permanent residential custodial parent . . . and [Mother] shall continue to have supervised visitation with the children at the home of her grandmother and that Andrew Bechtel shall not be alone with the children."

During the hearing, the trial court also indicated that child support would be set once custody had been determined. However, the record does not indicate that the trial court actually set child support. During oral argument before this Court, Father's attorney indicated that a consent order had been entered regarding child support, however, the consent order is not contained in the appellate record. This Court's review is limited to the appellate record, and it is incumbent upon the appellant to provide a record that is adequate. *Chiozza v. Chiozza,* 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009)(internal citations omitted). In this case, it appears that the record is incomplete.

The instant case is similar to *In re Avery B.*, W2014-01974-COA-R3-JV, 2015 WL 4055057 (Tenn. Ct. App. July 2, 2015), in that the trial court never entered a permanent parenting plan following its decision to modify the custodial arrangement, nor did the trial court set child support for the minor child. In *Avery B.*, this Court concluded it did not have subject matter jurisdiction because not all matters in the case had been resolved. *In re Avery B.*, 2015 WL 4055057 at *4.

Fashioning permanent parenting plans is one of the most important responsibilities courts have. *Armbrister v. Armbrister*, 414 S.W.3d 685, 696 (Tenn. 2013). *See Massey–Holt,* 255 S.W.3d 603, 607 (Tenn. Ct. App. 2007); *Boyer v. Heimermann,* 238 S.W.3d 249, 255 (Tenn. Ct. App. 2007). In a proceeding modifying a parenting plan, the legislature has designated a process by which an amended permanent parenting plan, final decree, or judgment shall be established. See Tenn. Code Ann. §36-6-405. The process demands that

[a]ny permanent parenting plan shall include a residential schedule as defined in § 36-6-402. The court shall make residential provisions for each child, consistent with the child's developmental level and the family's social and

economic circumstances, which encourage each parent to maintain a loving, stable, and nurturing relationship with the child.

Tenn. Code Ann. §36-6-404(b). The legislature further defined "residential schedule" as

the schedule of when the child is in each parent's physical care, and it shall designate the primary residential parent; in addition, the residential schedule shall designate in which parent's home each minor child shall reside on given days of the year, including provisions for holidays, birthdays of family members, vacations, and other special occasions, consistent with the criteria of this part.

Tenn. Code Ann. §36-6-402(5). We conclude that the order appealed in this case is not a final judgment because the trial court did not delineate a residential schedule for the parties' children, or set child support. Consequently, this Court does not have jurisdiction to hear this appeal and the appeal must be dismissed.

### IV. Conclusion

For the foregoing reasons, we dismiss the appeal without prejudice and remand the case to the trial court for further proceedings consistent with this opinion. All requests for relief contained in Appellee's response are respectfully denied. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of the appeal are assessed against Appellant, Amanda Parker Jones and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE