FILED

08/29/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 27, 2017 Session

## DENNIS DOWNS D/B/A KNOXVILLE LIFESTYLE v. STEVE HALL D/B/A GREATER TENNESSEE FLOORING

**Appeal from the Chancery Court for Knox County**
**No. 178756-3          Michael W. Moyers, Chancellor**

_____

**No. E2016-00647-COA-R3-CV**

_____

After the trial court entered a final judgment awarding plaintiff damages and attorney's fees, defendant filed a timely motion requesting additional findings of fact and conclusions of law. The trial court then entered a second judgment incorporating the requested findings of fact and conclusions of law. After entry of the second judgment, plaintiff filed a motion for an award of additional attorney's fees, which the trial court treated as a motion to alter or amend. The plaintiff later withdrew his motion for additional attorney's fees, and the trial court entered an order authorizing the withdrawal. Later, in response to a motion to quash a garnishment, the trial court entered a third judgment, which granted the motion but otherwise incorporated by reference the court's previous rulings. Defendant filed a notice of appeal within thirty days after entry of the third judgment but more than thirty days after the order granting plaintiff leave to withdraw his motion for additional attorney's fees. Because we conclude the notice of appeal was untimely, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J, and THOMAS R. FRIERSON, II, J., joined.

Billy J. Stokes, Knoxville, Tennessee, for the appellant, Steve Hall.

Thomas M. Leveille, Knoxville, Tennessee, for the appellee, Dennis Downs.

# OPINION

## I.

Dennis Downs d/b/a Knoxville Lifestyle and Steve Hall d/b/a Greater Tennessee Flooring entered into a written agreement for the purchase of advertisement space in a publication known as "Knoxville Lifestyle." For the two page advertisement, Mr. Downs agreed to pay $7,000.00. The words "½ cash ½ trade" were handwritten above the total amount due. The agreement further provided that $3,500 would be paid upon execution of the agreement and that the balance would be payable "with final ad layout and within Knoxville Lifestyle's specified production deadline."

The parties acknowledge that Mr. Hall paid $3,500 in cash under their agreement, but a dispute arose over satisfaction of the balance. Mr. Hall was under the impression that the balance would be satisfied by "providing material and labor to carpet Downs' office." Mr. Downs, on the other hand, was under the impression that he was not limited to a specific type of flooring material or space. Mr. Downs wanted "$3,500 worth of ceramic tile for [his] bathroom."

On September 20, 2010, Mr. Downs filed a complaint for breach of contract against Mr. Hall in the Chancery Court for Knox County, Tennessee. After years of litigation, the case proceeded to trial in July 2014. At trial, Mr. Hall orally agreed to a monetary judgment in the amount of $3,500.00 with the issue of Mr. Downs's request for attorney's fees reserved for a later date.

On August 1, 2014, the trial court entered a judgment reflecting the parties' agreement. The judgment awarded Mr. Downs $3,500.00 and ordered Mr. Hall to pay that amount within 45 days from the entry of the judgment. If the judgment was not paid within 45 days, the unpaid amount would accrue "interest at the statutory maximum." With respect to attorney's fees, the judgment provided as follows:

> That Plaintiff seeks a judgment for his attorney's fees, which is included in the contract at issue herein as a remedy in the event of breach, incurred in this lawsuit. Plaintiff's counsel shall submit his line itemized billing in regards to the time he has billed his client in this lawsuit to Defendant's counsel no later than fifteen days from the entry date of this Judgment. Counsel will confer with each other to see if an agreement can be reached on Plaintiff's attorney's fees, and, if not, counsel shall set this matter upon the Court's docket for argument.

Approximately 40 days after entry of the judgment, Mr. Hall requested that the judgment be "stayed." In actuality, Mr. Hall sought modification of the judgment, requesting that he be permitted to pay the award "within thirty (30) days of the entry of a

2

Final Judgment that includes a resolution of attorney's fees." The parties also filed various pleadings related to the issue of attorney's fees.

After conducting a hearing on all outstanding motions, the trial court entered a "Final Judgment" on January 15, 2015. The final judgment incorporated by reference the court's previous judgment. And it awarded attorney's fees in the amount of $10,331.25 to Mr. Downs and taxed costs to Mr. Hall and his surety.

On February 13, 2015, Mr. Hall filed a Rule 52 motion for additional findings of fact and conclusions of law. After receiving proposed findings of fact and conclusions of law from both parties, the trial court entered a "Final Order" on November 30, 2015, which incorporated findings of fact and conclusions of law. In addition to finding that Mr. Hall had "confessed a judgment in the amount of $3,500," the Final Order concluded that the amount of attorney's fees it previously awarded to Mr. Downs in the Final Judgment "[wa]s a reasonable fee for this unreasonable litigation."

On December 30, 2015, Mr. Downs filed a motion for an award of additional attorney's fees.[1] However, Mr. Downs eventually withdrew his motion.[2]

On January 13, 2016, Mr. Hall filed a motion to quash and dissolve garnishment, seeking return of the $4,395.25 garnished from his bank account by Mr. Downs. In the motion, Mr. Hall argued that the garnishment was improper because a final judgment had not been entered. Specifically, Mr. Hall stated,

> [w]hile it may be debatable whether [the Final Order entered on November 30, 2015] would constitute a final, appealable judgment based on Tennessee statutory and common law, that question was rendered moot by Plaintiff's [sic] filing a Motion for Additional Attorney's Fees on December 30, 2015, thereby tolling the finality of the referenced document that the Plaintiff and his counsel claim to be acting upon.

While the motion to quash and dissolve garnishment was pending, the trial court entered an order on February 8, 2016, permitting Mr. Downs to withdraw his motion for additional attorney's fees.

In an order entered on March 1, 2016, entitled "Final Judgment," the trial court agreed with Mr. Hall that the garnishment was improper and ordered return of the amounts garnished from his bank account. Although acknowledging that it had

---

[1] This motion for additional attorney's fees is not contained in the record. Mr. Downs concedes in his brief that it was filed on December 30, 2015, within thirty days of the entry of the Final Order.

[2] The notice of withdrawal is not contained in the record. Mr. Downs states that he filed a "Notice of Withdrawal of Motion" on January 8, 2016.

previously authorized Mr. Downs to withdraw his motion for additional attorney's fees, the court concluded that its Final Order entered on November 30, 2015, was not yet final. The court also again granted permission for the withdrawal of the motion of additional attorney's fees. Otherwise, the court made no changes to the findings of fact and conclusions of law or the amounts awarded to Mr. Downs in its order of November 30, 2015.[3]

Mr. Hall filed his notice of appeal on March 31, 2016.

## II.

On appeal, Mr. Hall raises several issues related to the merits of the underlying breach of contract dispute and the judgment entered against him. For his part, Mr. Downs argues that this appeal should be dismissed as untimely.

Under the Tennessee Rules of Appellate Procedure, "every final judgment entered by a trial court . . . is appealable as of right." Tenn. R. App. P. 3(a). In an appeal as of right, "the notice of appeal . . . shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." *Id*. at 4(a).[4] If a notice of appeal is not timely filed, we lack subject matter jurisdiction to hear the appeal. *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn. Ct. App. 1998). Subject matter jurisdiction implicates our power to adjudicate a particular type of case or controversy. *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn.

---

[3] The Final Judgment provided as follows:

1. The Clerk and Master is ordered to refund to Defendant the sum of $4,432.52, reflecting the amount obtained by Plaintiff pursuant to the execution, garnishment and levy upon Defendant's bank account, presently held in the Registry of the Clerk and Master;
2. That the Court's November 30, 2015, "Findings of Fact and Conclusions of Law and Final Order" be incorporated herein by reference as though set forth verbatim;
3. That the Plaintiff is permitted to withdraw a pending Motion for Additional Attorney Fees and that an Order to that effect was entered on February 8, 2016; and further, that said Motion is a Tn. R. Civ. P. 59 Motion; and
4. That the Court believes all matters in controversy between the parties are addressed in this judgment and in the documents incorporated by reference herein and makes this its Final Judgment in this cause.

[4] The Supreme Court of Tennessee promulgated and adopted amendments to Rules 3 and 4 of the Tennessee Rules of Appellate Procedure on December 21, 2016, which were ratified and approved by the Legislature in 2017. H. Res. 19 & S. Res. 16, 110th Gen. Assemb., Reg. Sess. (Tenn. 2017). Effective July 1, 2017, subdivision (a) of Tennessee Rule of Appellate Procedure 4 was amended to change the location for filing the notice of appeal from the office of the trial court clerk to the office of the appellate court clerk. Tenn. R. App. P. 4 Advisory Comm'n cmt. to 2017 revision.

2000). If we lack subject matter jurisdiction, we are required to dismiss the appeal. *See* Tenn. R. App. P. 3(e); *Arfken & Associates, P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002). As such, subject matter jurisdiction is a threshold inquiry, which we consider in every appeal irrespective of whether the issue is raised by the parties. Tenn. R. App. P. 13(b); *State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999).

The subject matter jurisdiction inquiry for appellate courts begins with a determination of if and when a final judgment was entered. The Tennessee Rules of Appellate Procedure define "final judgment" by exclusion. A final judgment is not an "order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Tenn. R. App. P. 3(a). Orders that resolve fewer than all claims or the rights and liabilities of fewer than all the parties are "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." *Id.* The Supreme Court of Tennessee has described a final judgment as a judgment "that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

When it awarded attorney's fees to Mr. Downs and taxed costs to Mr. Hall as reflected in the January 15, 2015 order, the trial court resolved the last of Mr. Downs's remaining claims. Therefore, the January 2015 order was a final judgment within the meaning of Rule 3(a). And the notice of appeal was required to be filed "within 30 days after the date of entry." Tenn. R. App. P. 4(a).

Certain post-judgment motions, if timely made, will toll the commencement of the thirty-day period for filing the notice of appeal until the trial court adjudicates the pending post-judgment motion. Tenn. R. Civ. P. 59.01; Tenn. R. App. P. 4(b). Under Rule 59 of the Tennessee Rules of Civil Procedure, only the following four motions operate to extend the deadline for filing the notice of appeal:

> (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment.

Tenn. R. Civ. P. 59.01. Motions to reconsider the disposition of any of these motions are not permitted and do "not operate to extend the time for appellate proceedings." *Id.* If any the motions contemplated for extending the time for taking an appeal are not timely made, "the trial court lacks jurisdiction to rule on the motion." *Ball*, 288 S.W.3d at 836 (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003)).

Here, Mr. Hall timely filed a Rule 52 motion for findings of fact and conclusions of law on February 13, 2015, within thirty days of the entry of the January 2015 final

order. The effect of Mr. Hall's timely filed post-trial motion was to toll the thirty-day period for filing a notice of appeal until the trial court ruled on the motion, which it ultimately did by entry of its November 30, 2015 order. *See* Tenn. R. App. P. 4(b).

Mr. Downs subsequently filed a motion for additional attorney's fees within thirty days of the entry of the November 2015 order. The trial court treated the motion for additional attorney's fees as a Rule 59.04 motion to alter or amend. To the extent Mr. Downs's post-judgment motion further tolled the thirty-day period for filing a notice of appeal, it only did so until the trial court acted on the motion. *Id*. This occurred on February 8, 2016, when the court first entered an order granting Mr. Downs leave to withdraw the motion.

The motion to quash and dissolve garnishment filed by Mr. Hall is not even arguably one of the motions identified in Tennessee Rule of Civil Procedure 59.01 as extending the time for the filing of the notice of appeal. And, even if it were, it would have been untimely as it was filed on January 13, 2016, more than thirty days after the November 2015 order.

Thus, at the latest, the time for filing an appeal of the November 2015 order awarding Mr. Downs damages and attorney's fees expired thirty days after February 8, 2016. On that date, the November 2015 order was unquestionably final and unappealable. Although the trial court subsequently entered an order it entitled "Final Judgment" on March 1, 2016, that order only served to dispose of Mr. Hall's motion to quash and dissolve garnishment. By its terms, the March 2016 order did not impact any of the court's prior rulings or judgments.

As noted above, Mr. Hall filed his notice of appeal on March 31, 2016, which would have been timely to appeal the ruling on his motion to quash and dissolve garnishment. *See Legens v. Lecornu*, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at *18 (Tenn. Ct. App. June 26, 2014) (Kirby, J., concurring). But he appeals only the underlying judgment rendered against him. For this, he waited too long.

### III.

Because Mr. Hall failed to timely file a notice of appeal of the judgment entered against him, we lack subject matter jurisdiction to consider his appeal. Accordingly, this appeal is dismissed.

_____
W. NEAL McBRAYER, JUDGE

6