### UNITED STATES of America, Plaintiff–Appellee,

v.

### Michael T. AIKEN, Defendant– Appellant.

### No. 00–3046.

United States Court of Appeals, Sixth Circuit.

July 9, 2001.

Before NELSON and BATCHELDER, Circuit Judges, and FEIKENS, District Judge.*

NELSON, Circuit Judge.

This is an appeal from a conviction that followed a conditional plea of guilty to

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

charges of receiving computer images depicting child pornography, possessing child pornography, making a false loan application affecting a financial institution, and credit card fraud. In entering his plea, the defendant reserved a right to appeal on the ground that the district court had erred in declining to suppress certain evidence.

A threshold question is presented as to our jurisdiction to entertain the suppression issue, which is the only substantive issue sought to be raised here. The notice of appeal designated an amended judgment entered by the district court two months after entry of the original judgment. There was no appeal from the original judgment, and the amended version differed from its predecessor only in that it changed the date of which the defendant was to begin serving his prison term and directed him to bring a current medical report with him at that time.

Upon review, we conclude that the amended judgment did not alter the original judgment insofar as the issue sought to be raised on appeal is concerned. The defendant's appeal was thus untimely with respect to that issue, and it must be dismissed for lack of jurisdiction.

## I

The defendant, Michael T. Aiken, came to the attention of the Secret Service regional office in Cleveland after a Sears fraud investigator discovered that the defendant had used his deceased brother's name and social security number to open seven Sears credit accounts. The ensuing investigation revealed that the defendant had opened a total of 13 separate credit accounts at various retail stores under his late brother's name. He had also secured a loan under that name for the purchase of a Chevrolet automobile.

On April 22, 1997, a warrant was issued to search the defendant's house. The warrant authorized the seizure of, among other things, any "items purchased with false identification and/or credit information (which are identifiable as such through physical inspection, tags, serial numbers, purchasing documents, or any other means)."

The warrant was executed the following day. While searching the defendant's basement, Special Agent Kim Long discovered a closed box containing pornographic pictures of children and transcripts of chat room conversations concerning sexual acts with children. It was clear to the agents that the chat room transcripts and at least some of the photographs had been reproduced using a computer printer.

Also discovered during the search of the basement were two invoices from Sun T.V., both dated May 1, 1996, and both in the name of the defendant's late brother. The items listed on the invoices included an ACER 2655 computer, an ACER computer monitor, a Canon inkjet printer, and other computer accessories.

The Secret Service agents seized the computer. In giving the defendant a copy of the search warrant and the search inventory, Special Agent John Kiningham told him that the agents had "found the pictures in the basement" and that charges would be sought in this connection. The defendant responded that there were no problems with the photographs because "I simply downloaded those from the internet."

Following the search, Special Agent Kiningham obtained a medical opinion that the individuals depicted in the photographs were under the age of 18. He also interviewed a neighbor who confirmed that the defendant had used the computer to download child pornography.

The agents ultimately obtained a search warrant authorizing examination of the contents of the computer. Execution of this warrant led to the discovery of numerous files containing pictures of minors engaged in sexual activities.

A federal grand jury handed up a 15–count indictment, and a few weeks later the defendant filed a motion to suppress both the physical evidence seized from his house and the statement made to Special Agent Kiningham. Following an evidentiary hearing, the suppression motion was denied.

The defendant subsequently entered a conditional plea, pursuant to Fed. R.Crim.P. 11(a)(2), in which he pleaded guilty to six counts of the indictment. He was sentenced to imprisonment for a term of 60 months, to be followed by a like term of supervised release. He was also ordered to make restitution in a prescribed amount and to pay a $600 special assessment. The judgment of conviction and sentence, dated October 21, 1999, was filed on October 22 and was entered on the district court's docket on October 25, 1999.

No appeal was taken from this judgment, nor was any document filed with the district court between October 22 and December 3, 1999. On the latter date the district court received a letter from defendant's counsel stating that the attorney had "inadvertently failed to timely file a notice of appeal" and "requesting that you *sua sponte* re-sentence Mr. Aiken, thus permitting me to correct this oversight."

On December 13 the defendant filed a motion to correct sentence pursuant to Fed.R.Crim.P. 36. The motion requested deferral of the date—January 24, 2000—on which the defendant had been ordered to report for incarceration. The reason given for the request was that the defendant was recuperating from back surgery.

After a resentencing hearing on December 27, 1999, the district court issued an amended judgment dated "12/27/99" but giving "12/22/99" as the date of imposition of judgment. The amended judgment was otherwise substantially identical to that previously issued, except for a change in the defendant's incarceration date and a directive to bring a current medical report with him. The new date for commencement of the sentence of imprisonment was February 21, 2000.

The defendant filed a notice of appeal on the day of the resentencing hearing, December 27. The notice indicated that an appeal was being taken from a judgment and commitment order of December 22, 1999. (There was no such judgment; the original judgment, it will be recalled, was entered on October 25, 1999, while the amended judgment was not signed until December 27, 1999.) The case number assigned to the December 27 appeal was No. 00–3024.

The amended judgment of December 27 was entered in the docket on the following day, December 28. On that date the defendant filed a notice of appeal correctly designating the amended judgment. This appeal—which is the one before us now—was docketed as Case No. 00–3046.

On February 7, 2000, a show cause order was entered by this court requiring the defendant to explain why Cases 00–3024 and 00–3046 should not both be dismissed for lack of jurisdiction. The defendant's response conceded that the notice in Case No. 00–3024 incorrectly set forth the order being appealed, thus depriving this court of jurisdiction under Fed. R.App. P. 3(c). The defendant maintained, however, that the court did have jurisdiction to decide Case No. 00–3046, where the amended judgment had been correctly designated in the notice of appeal. The defendant asserted that the district court addressed

"matters of substance" in the amended judgment, giving the defendant ten days from entry of that judgment within which to appeal. See Rule 4(b), Fed. R.App. P., and *Federal Trade Commission v. Minneapolis–Honeywell Regulator Co.*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952).

In an unpublished order dated March 21, 2000, a panel of this court dismissed Case No. 00–3024 for failure to comply with Rule 3(c), Fed. R.App. P. See *United States v. Aiken*, Case Nos. 00–3024/3046 (6th Cir. March 21, 2000) (unpublished order). The court withdrew the show cause order as to Case No. 00–3046, recognizing only that the notice of appeal was filed within ten days of the entry of the amended judgment. See *id.*

## II

■ In a criminal case, the defendant must file a notice of appeal within ten days of the entry of the judgment being appealed. See Rule 4(b), Fed. R.App. P. "The failure of [an] appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with [Rule 4] is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir.1998). Although a defendant may seek an extension of time to file a notice of appeal within 40 days after the entry of judgment, see Fed. R.App. P. 4(b)(4), no such extension was sought here.

It is thus apparent that the defendant's December 28 notice of appeal was untimely as to the district court's judgment of October 25. Moreover, because the defendant's Rule 36 motion was not filed until December 13, more than 10 days after the entry of the original judgment, there was no tolling of the time to file a notice of appeal with respect to that judgment. See Rule 4(b)(3), Fed. R.App. P.

■ This leaves us with the question whether the defendant's December 28 notice of appeal, which designated the amended judgment as the one being appealed, was sufficient to preserve a challenge to the denial of the motion to suppress. The only significant change in the amended judgment, to repeat, was a change in the date on which the defendant was required to report for imprisonment. In every other material respect, the judgment was identical to that entered on October 25.

In *Federal Trade Commission v. Minneapolis–Honeywell Regulator Co.*, the Supreme Court expressed itself as follows:

"[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." 344 U.S. at 211, 212.

In applying this decision, we have recognized that "[t]he relevant case law in no way suggests that once one issue has been modified, all of the issues from the original order are fair game for appeal." *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 394–95 (6th Cir.1993). Rather, we declared, a court's later modification of an order in a respect wholly independent of the issue in dispute "should not alter the state of repose." *Id.* at 395.

The issue that Mr. Aiken asks us to review here, the denial of his motion to suppress, was resolved finally on October 25, 1999. (If it is any solace to the defendant's lawyer, we might note that the panel does not believe that the district court erred in denying the suppression motion.) The subsequent modification of the report date had nothing to do with the question whether the district court committed error in denying the motion to suppress—and, in the words of *Tracy,* the modification "should not alter the state of repose" with respect to that question.

The defendant's appeal is therefore DISMISSED.