Roger BALL et al.

v.

Bruce McDOWELL et al.

Supreme Court of Tennessee,
at Knoxville.

Jan. 6, 2009 Session.

July 9, 2009.

Robert M. Estep, Tazewell, Tennessee, for appellants Roger Ball and Carrol E. Rose, L.L.C.

Bruce McDowell, Tazewell, Tennessee, appellee, pro se.

Harold G. Jeffers and Jim Terry, Oneida, Tennessee, for appellees Penny Caylor, Brian Keith Brock, and James D. Yonts.

## OPINION

JANICE M. HOLDER, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined. SHARON G. LEE, J., not participating.

The plaintiffs filed a lawsuit seeking a declaration that they have "a right-of-way easement" granted by deed and requesting the removal of encroachments by the defendants. The trial court granted the requested relief and held that the defendants failed to prove their claim of adverse possession. The trial court entered two consecutive "final" judgments. The defendants filed a motion to alter or amend the judgment within thirty days of entry of the second judgment. The plaintiffs responded that the defendants' motion was untimely because it was filed more than thirty days after entry of the first judgment. The trial court denied the defendants' motion to alter or amend without expressly ruling that the second judgment was the final judgment. The Court of Appeals concluded that the thirty-day period for filing the motion commenced with the entry of the second judgment and that the motion to alter or amend therefore was timely. The Court of Appeals reversed the judgment of the trial court and held that the defendants' claim of adverse possession was meritorious. We conclude that the first judgment constituted the "final judgment" and commenced the time for filing post-trial motions pursuant to Tennessee Rule of Civil Procedure 59.02. The defendants' motion to alter or amend therefore was untimely, and the Court of Appeals lacked jurisdiction to consider the defendants' appeal. We reverse the judgment of the Court of Appeals and remand to the trial court for dismissal of the case.

### Facts & Procedural History

Roger Ball and Carrol E. Rose, L.L.C. ("Plaintiffs") are the owners of a tract of real property adjacent to several tracts of real property owned by Bruce McDowell, Darren Buchanan, Cameron Buchanan, Brayden Buchanan, Penny Caylor, Gary Estes, Bryan Keith Brock, and James Yonts ("Defendants"). The deeds to both Plaintiffs' and Defendants' tracts granted Plaintiffs a fifty-foot easement over Defendants' respective tracts.[1] On October 4,

---

1. The origin of the easement was a grant from the Tennessee Valley Authority in which it reserved to itself and granted to Plaintiffs and their predecessors in title the right "to con-

2004, Plaintiffs filed a complaint in the Chancery Court for Claiborne County seeking a declaration that "the right-of-way, which benefits the property of the plaintiffs, burdens the property of the defendants as described in the ... Deed." Plaintiffs sought an order removing any encroachments by Defendants on the right-of-way.

During the non-jury trial, Defendants asserted that their many encroachments on the right-of-way were sufficient to sustain a claim of adverse possession. It is undisputed that Defendants maintained these encroachments in an open and obvious manner for more than seven years. The trial court held that Defendants' claim of adverse possession failed because Defendants had "no color of title to this [property], therefore, making the [applicable] statute of adverse possession 20 years or more."

Following the ruling of the trial court, the parties began a series of communications that eventually produced the procedural issue at the heart of this appeal. On April 4, 2006, Plaintiffs' counsel forwarded a final judgment to Defendants' counsel for signature. Plaintiffs' counsel received no response from Defendants' counsel despite an inquiry as to the status of the judgment. Pursuant to Rule 58 of the Tennessee Rules of Civil Procedure,[2] on June 7, 2006, Plaintiffs' counsel filed a motion for entry of judgment. Attached to the mo-

tion were the proposed judgment signed by Plaintiffs' counsel and a certificate stating that a copy of the proposed judgment had been served on Defendants' counsel on June 7, 2006. Defendants' counsel neither acknowledged receipt of the motion nor filed a response. On June 15, 2006, the chancellor entered the proposed judgment ("the first judgment").

The entry of the first judgment, however, did not conclude the parties' activities relating to the finality of the case. On June 16, 2006, Defendants' counsel returned a signed copy of the April 4, 2006, judgment to Plaintiffs' counsel. For reasons that are unclear, Plaintiffs' counsel signed the judgment and presented it to the trial court for entry. On June 28, 2006, the trial court entered this judgment ("the second judgment").

On July 27, 2006, Defendants filed a motion to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 59.04.[3] Relying on the date of entry of the first judgment, Plaintiffs responded that the motion to alter or amend was untimely. The chancellor entered an order on February 1, 2007, denying the motion to alter or amend, but this order did not address the issue of the competing judgments. Defendants filed a notice of appeal from the February 1, 2007, order denying the motion to alter or amend.

The Court of Appeals reversed the trial court and held that Defendants' claim of

struct, maintain, and use a road on, over, and across" a described fifty-foot right-of-way over Defendants' tracts. The easement is also reflected in Defendants' deeds.

2. Rule 58 of the Tennessee Rules of Civil Procedure states, in pertinent part:

Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry: (1) the signatures of the judge and all parties or counsel, or

(2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

3. Tennessee Rule of Civil Procedure 59.04 states: "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."

adverse possession was meritorious. In reaching its conclusion, the Court of Appeals rejected Plaintiffs' argument that the appeal was untimely. The intermediate appellate court held that the second judgment was the final judgment and that both the motion to alter or amend and the notice of appeal filed within thirty days of the disposition of the motion to alter or amend were timely. We granted Plaintiffs' Rule 11 application for permission to appeal.

### Analysis

■■■ The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02;[4] Tenn. R.App. P. 4(a)-(b).[5] If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R.App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn.2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id.; see also* Tenn. R.App. P. 2

(stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

■■■ Thus, if the second judgment entered on June 28, 2006, is the final judgment, the Defendants' July 27, 2006, motion to alter or amend was timely. If, however, the first judgment entered on June 15, 2006, is the final judgment, Defendants' motion to alter or amend was not timely. We therefore must determine which of the two judgments constituted the final judgment. We review this question of law de novo with no presumption of correctness. *See Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn.2004).

■■■ To analyze whether an order operates as a final judgment, we must examine the parties' claims and the manner in which the trial court adjudicated those claims. An order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal. Tenn. R.App. P. 3(a).[6] For example, in *Edwards v. Banco Lumber Co.*, 101 S.W.3d 69, 75 (Tenn. Ct.App.2002), the Court of Appeals held that the first entry of judgment failed to dispose of all the parties' claims. The second entry of judgment disposing of the remaining claims therefore constituted the final entry of judgment.

■■■ A final judgment therefore is one that resolves all of the parties' claims and

---

**4.** Rule 59.02 of the Tennessee Rules of Civil Procedure states: "A motion for new trial and all other motions permitted under this rule shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58."

**5.** Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Rule 4(b) provides that if a party to a civil action files one of several enumerated

post-trial motions, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."

**6.** Tennessee Rule of Appellate Procedure 3(a) states, in pertinent part: "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties."

leaves the court with nothing to adjudicate. *In re Estate of Henderson,* 121 S.W.3d 643, 645 (Tenn.2003). In *Arfken & Associates, P.A. v. Simpson Bridge Co.,* 85 S.W.3d 789, 791–92 (Tenn.Ct.App.2002), the Court of Appeals considered which of two consecutively entered judgments constituted the final judgment when both judgments met the requirements of a final judgment. The intermediate appellate court concluded that the first judgment was the final judgment when the substance of the first and second judgments was identical. The second judgment was a photocopy of the original judgment containing the signatures of both attorneys, but each judgment was signed by the chancellor at different times. In both *Edwards* and *Arfken,* the Court of Appeals held that the operative final judgment was the judgment that resolved the parties' claims, leaving nothing for the trial court to adjudicate. *See In re Estate of Henderson,* 121 S.W.3d at 645.

When analyzing which of multiple judgments constitutes the final judgment, federal law likewise focuses on the substantive rights affected by each judgment. In *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952), the Supreme Court concluded that the limitations period for filing a notice of appeal should begin to run from a subsequent judgment only if the subsequent judgment affects the "legal rights and obligations" that have been "plainly and properly settled with finality" by the first judgment. *Id.* at 211–12, 73 S.Ct. 245. It has thus become well-settled in federal law that "[w]here a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment." *Farkas v. Rumore,* 101 F.3d 20, 22 (2d Cir.1996) (citing *Minneapolis–Honeywell Regulator Co.,* 344 U.S. at 211–12, 73 S.Ct. 245); *see also United States v. Doe,* 374 F.3d 851, 853–54 (9th Cir.2004); *United States v. Cheal,* 389 F.3d 35, 52 & n. 20 (1st Cir.2004); *United States v. Aiken,* 13 Fed.Appx. 348, 350–52 (6th Cir.2001); *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 223 & n. 2 (1st Cir.1994); *Whittington v. Milby,* 928 F.2d 188, 191–92 (6th Cir. 1991). This approach promotes finality and reflects "the principle that litigation must at some definite point be brought to an end." *Minneapolis–Honeywell Regulator Co.,* 344 U.S. at 213, 73 S.Ct. 245; cf. *Harris v. Chern,* 33 S.W.3d 741, 745 (Tenn. 2000).

■ To determine which of the judgments entered in this case constitutes the final judgment, we must focus on whether the second judgment affected any of the parties' substantive rights and obligations settled by the first judgment. In this case, the first judgment resolved all of the parties' claims, leaving nothing for the trial court to adjudicate. *See In re Estate of Henderson,* 121 S.W.3d at 645. The second judgment was identical in substance to the first judgment, with only the signature of Defendants' counsel added. We therefore conclude that the first judgment constituted the final judgment that triggered the thirty-day period for filing post-trial motions. The trial court therefore lacked jurisdiction to rule on the motion to alter or amend. The Court of Appeals similarly lacked jurisdiction because Defendants' notice of appeal was filed within thirty days of the denial of the untimely motion to alter or amend and not within thirty days of the first judgment.

We are not persuaded by Defendants' argument that the second judgment was effective because it was entered within the time in which the trial court could have altered the judgment pursuant to Tennessee Rule of Civil Procedure 59.05, which states:

Within 30 days after entry of judgment the court on its own initiative may alter or amend the judgment, or the court may order a new trial for any reason for which it might have granted a new trial on motion of a party where no such motion has been filed.

There is no evidence in the record that the second judgment constituted the entry of an altered or amended judgment pursuant to Rule 59.05. When a trial court on its own initiative alters or amends a judgment pursuant to Rule 59.05, the court must provide a specific statement of its reasoning. Tenn. R. Civ. P. 59.05 ("[T]he court shall specify in its order the grounds for its action."); *see also* Tenn. R. Civ. P. 59.05, Advisory Comm'n Cmt. During the hearing on the motion to alter or amend the judgment, the trial court acknowledged that two separate judgments had been entered but did not make specific findings concerning its reasoning for entering two separate judgments.

Conclusion

■ We conclude that when consecutive "final" judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment. Because the second judgment added only the signature of counsel, it did not affect any substantive rights or obligations settled by the first judgment. The time for filing a motion to alter or amend commenced upon entry of the first judgment, and Defendants' motion to alter or amend was untimely. The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for dismissal. Costs of this appeal are taxed to the defendants, Bruce McDowell, Penny Caylor, Brian Keith Brock, and James D. Yonts, for which execution may issue if necessary.

SHARON G. LEE, J., not participating.