IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 28, 2018 Session

## CHRISTOPHER CONRAD FICHTEL v. JILL CROWELL FICHTEL

**Appeal from the Circuit Court for Davidson County**
**No. 09D-3512      Philip E. Smith, Judge**

_____

**No. M2017-00409-COA-R3-CV**

_____

This is a post-divorce/parental relocation matter in which the father of two minor children opposed the mother's intended relocation to Ohio. The father also sought a modification of the parties' parenting plan regardless of whether the mother was permitted to relocate. The mother filed a cross-petition to modify the parenting plan and child support. After determining that the parties spent substantially equal intervals of time with the child, the court conducted a best-interest analysis to determine whether it was in the children's best interest to relocate with the mother. The court concluded that it was not in the children's best interest to relocate and modified child support to reflect the parties' current incomes. Although the trial court made an explicit finding that the mother had indeed relocated without the children, the trial court never ruled on the parties' competing claims to modify the original parenting plan or entered a new parenting plan. Having reviewed the record transmitted to us on appeal, we observe that the judgment appealed from is not final. Given the absence of a final judgment, we dismiss the appeal for lack of subject matter jurisdiction.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON and KENNY ARMSTRONG, JJ., joined.

Jeffrey L. Levy, Smyrna, Tennessee, for the appellant, Jill Crowell Fichtel.

Elizabeth A. Garrett and Robert L. Jackson, Nashville, Tennessee, for the appellee, Christopher Conrad Fichtel.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Appellant Jill Fichtel ("Mother") and Appellee Christopher Fichtel ("Father") were divorced on October 26, 2010. In conjunction with the divorce, the trial court set the parties' respective child support obligations and entered a permanent parenting plan for their two minor children (the "Children"). Under the original parenting plan, Mother was designated as primary residential parent,[1] and the parties shared joint major decision-making.

Mother and Father were initially cooperative in caring for the Children. However, on April 24, 2013, Mother notified Father by certified mail that she intended to relocate from Nashville, Tennessee to Columbus, Ohio with the Children to live with her soon-to-be husband. On May 22, 2013, Father filed a "Petition in Opposition to Parental Relocation; to Modify Residential Schedule and to Modify Child Support," requesting that Mother's request to relocate with the Children be denied. Father also made the following additional requests for relief:

> 3. That in the event Mother chooses to relocate without the minor children that Father be designated as the primary residential parent.

> 4. That in the event Mother's request to relocate with the children is denied, that the parenting schedule be modified to equal parenting time for the children with each parent.

> 5. That child support be modified and set pursuant to the Tennessee Child Support Guidelines.

On June 7, 2013, Mother responded in opposition to Father's petition, and she filed a counter-petition seeking to modify the parties' permanent parenting plan and child support obligations and to hold Father in criminal contempt. Mother requested that the parties' residential parenting schedule be amended to accommodate her anticipated move to Columbus, Ohio and that the plan "be further modified to name Mother as the sole decision maker, or at least the tie breaker with regard to educational decisions, non-emergency healthcare decisions, and extra-curricular activities for the minor children."

---

[1] The parenting plan schedule indicated that Father would spend 131 days annually with the Children, and Mother would spend the remaining 234 days. At the time the initial parenting plan was entered, Mother was making $40,416.00 a month, and Father was making $9,333.33 a month. Thus, in accordance with the child support guidelines, although she was the primary residential parent, Mother was obligated to pay monthly child support to Father.

Hearings were held over twenty-eight days beginning on November 19, 2013, and concluding on March 29, 2016. On May 17, 2016, the trial court entered a lengthy order concerning the relocation matter. The trial court held that the parents exercised "substantially equal parenting time," so it proceeded to conduct a best-interest analysis as required by Tennessee Code Annotated section 36-6-108(c). The court made detailed findings concerning each of the best-interest factors and determined that it was in the best interest of the Children to remain in Nashville. Accordingly, the trial court granted Father's petition in opposition to Mother's relocation. However, the trial court's order indicates that it was not yet prepared to rule on the remaining custody issues. Specifically, the order provides as follows:

> Although the Court finds that the relocation is not in the children's best interest, **the Court is not prepared to continue its analysis under the requisite framework pursuant to the Parental Relocation Statute because of the discrepancy in Mother's testimony with respect to her intentions in the event that the Court finds it is not in the best interest of the children to relocate.** Although Mother testified in open court that she plans to relocate to Ohio notwithstanding a finding by this Court that the relocation is not in the children's best interest, according to [Father's expert witness], Mother indicated that she would not be moving if the Court found it was not in the [children's] best interest to relocate. Accordingly, the Court shall permit Mother, within ten (10) days of the entry of this order, to notify opposing counsel and the Court whether Mother intends to relocate to Ohio despite this Court's prior findings. If Mother chooses, in spite of this Court's findings, to relocate anyway to Ohio, the Father shall have thirty (30) days to depose [Father's expert witness] as to the factors located in Tenn. Code Ann. § 36-6-106(a) as they apply to a custody determination pursuant to Tenn. Code Ann. § 36-6-108(e). [Father's expert witness] did not address this issue as Mother had indicated to [Father's expert witness] that she would remain here in Nashville, Tennessee if the Court found that the relocation was not in the best interest of the children. [Mother's expert witness], however, did render his opinion on the issue. If Father so chooses to depose [Father's expert witness], direct examination of [Father's expert witness] shall be limited to two (2) hours, and cross-examination of [Father's expert witness] shall be limited to an hour and a half (1.5) hours. The Court does not feel any further proof is necessary, **and the Court will make a determination as to whether a change of custody is appropriate upon completion of [Father's expert witness'] deposition, should Father choose to depose him.**

(emphasis added).

On May 27, 2016, Mother filed a notice of election "not to relocate from Nashville, Tennessee with the parties' minor children." However, in a subsequent order,[2] the trial court made the following finding: "Mother has relocated to Columbus, Ohio to reside with her current husband."

The trial court entered two additional orders on January 13, 2017 and March 8, 2017. In the order of January 13, 2017, the trial court modified child support based upon changes in the parties' respective incomes and awarded Father a significant portion of his attorney's fees and costs incurred during the litigation. In the order of March 8, 2017, titled "Additional Findings of Fact and Conclusions of Law," the trial court indicated the date upon which the parties' new child support obligations would become effective. Mother filed her notice of appeal on January 13, 2017.

The record transmitted to this Court indicates that the trial court never ruled on the remaining custody issues or entered a new parenting plan.

## ISSUES PRESENTED

Both parties have raised several issues for our review. However, because the order appealed from is not a final order, we must dismiss this appeal for lack of subject matter jurisdiction. Tenn. R. App. P. 3(a).

## DISCUSSION

As a threshold matter, Tennessee Rule of Appellate Procedure 13(b) requires this Court to determine whether we have subject matter jurisdiction to adjudicate this appeal. *See Jones v. Jones*, No. W2015-01304-COA-R3-CV, 2016 WL 4009716, at *1 (Tenn. Ct. App. July 22, 2016). "Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citations omitted). Litigants cannot confer subject matter jurisdiction on a trial or appellate court by appearance, plea, consent, silence, or waiver because the court's subject matter jurisdiction depends on the nature of the cause of action and the relief sought, rather than the conduct or agreement of the parties. *Id.* (citations omitted).

Unless an exception applies, appellate courts have subject matter jurisdiction over final judgments only. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citation omitted); Tenn. R. App. P. 3(a). A trial court order that adjudicates fewer than all the claims or the rights and liabilities of the parties is not a final judgment or

---

[2] This finding appears in the "Memorandum and Order on Attorney Fees & Child Support," entered January 13, 2017.

appealable as of right. Tenn. R. App. P. 3(a); *Jones*, 2016 WL 4009716, at *2 (quoting *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009)) ("A final judgment . . . is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate.").

The record transmitted to this Court indicates that the trial court has not entered a final judgment in this matter, and consequentially, we lack subject matter jurisdiction over this appeal. Our review of the record indicates that the trial court failed to rule on several outstanding claims related to the parties' competing claims to modify the existing parenting plan. As mentioned above, the current litigation arose because Father filed a petition in opposition to Mother's potential relocation. In his original petition, in addition to his request that Mother's application to relocate be denied, Father clearly sought a modification of the existing parenting plan. The record transmitted to us indicates that the trial court has not issued final rulings with respect to Father's outstanding claim(s).

The record also indicates that the trial court has failed to rule on Mother's outstanding claim(s). On June 7, 2013, Mother filed her response to Father's petition and a counter-petition.[3] Among other relief, Mother sought the following modifications to the parties' parenting plan:

> a. That if Mother is permitted to relocate, Father be allocated the following parenting time: [e]very other weekend from Friday evening to Sunday evening to be exercised in Columbus, Ohio at Father's expense;
>
> . . .
>
> 8. That regardless of whether Mother is permitted to relocate with the children that the Parenting Plan be further modified to name Mother as the sole decision maker, or at least the tie breaker with regard to educational decisions, non-emergency healthcare decisions, and extra-curricular activities for the minor children.
>
> 9. That regardless of whether Mother is permitted to relocate with the children that she be permitted to make the decisions about [the son's] education and treatment for ADHD[.]

Again, it appears the trial court failed to rule with respect to these claims.

Our review of the record reveals several other indications that the parties and the trial court clearly contemplated that the trial court would rule on the custody related

---

[3] The filing was titled "Mother's Response to Petition in Opposition to Parental Relocation; To Modify Residential Schedule and To Modify Child Support; and Mother's Counter-Petition For Modification of the Permanent Parenting Plan and for Criminal Contempt of Court Against Father."

claims at some point during the proceedings. For example, Mother and Father filed two sets of proposed modified parenting plans indicating their preferred parenting plan terms depending on which party prevailed on the relocation issue. After the hearings concluded, Father submitted 181 pages of suggested findings of fact and conclusions of law. Pointedly, Father proposed that the trial court make the following finding:

> 49. The Court will therefore adopt the Proposed Permanent Parenting Plan filed by Chris Fichtel on January 12, 2015, naming Father as the Primary Residential Parent and vesting sole decision making authority in Chris Fichtel.

Father clearly expected the court to rule on the custody issue and enter a parenting plan. Mother also filed extensive proposed findings of fact and conclusions of law, in which she also specifically indicated that she wanted the trial court to enter a finding adopting her proposed parenting plan.

Furthermore, the trial court's order of May 17, 2016 demonstrates that the court clearly expected to rule on the parties' claims to modify the parenting plan. Specifically, the order stated:[4]

> The Court does not feel any further proof is necessary, and the Court **will make a determination as to whether a change of custody is appropriate** upon completion of [Father's expert witness's] deposition, should Father choose to depose him.

Despite this finding, it does not appear from our review of the record that the trial court ever made a custody determination.

"[E]vents and lives have not stood still while this custody dispute has been in the courts." *See Stricklin v. Stricklin*, 490 S.W.3d 8, 19 (Tenn. Ct. App. 2015) (quoting *Maxwell v. Woodward*, No. M2011-02482-COA-R3-CV, 2013 WL 2420500, at *22 (Tenn. Ct. App. May 31, 2013)). "When a trial court is directed to reconsider an issue on remand that involves the circumstances of children and their parents, the trial court should endeavor to ascertain and give effect to the parties actual circumstances." *Id*. (quoting *Kathryne B.F. v. Michael B.*, No. W2013-01757-COA-R3-CV, 2014 WL 992110, at *7 (Tenn. Ct. App. Mar. 13, 2014)). Accordingly, on remand the trial court may take additional proof to evaluate the circumstances of the parties, as they exist currently. *Id*.

---

[4] The section of the trial court's order related to this finding is excerpted in full in the background section above.

**CONCLUSION**

Because we lack subject matter jurisdiction due to the absence of a final judgment, we hereby dismiss this appeal without prejudice and remand the case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed one-half to Appellant Jill Fichtel and one-half to Appellee Christ Fichtel.

_____
ARNOLD B. GOLDIN, JUDGE