IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2019 Session

## DOMINIQUE CLARKE v. KYMBERLY ASH

**Appeal from the Juvenile Court for Montgomery County**
**No. 14-JV-852, PL-CV14-2361   Tim Barnes, Judge**

_____

### No. M2019-00217-COA-R3-JV

_____

This appeal involves a petition for contempt and to modify a permanent parenting plan. Having carefully reviewed the record before us, we conclude that the notice of appeal was not timely filed. Because the notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., joined. RICHARD H. DINKINS, J., concurring in results only.

Paisley P. Anderson, Clarksville, Tennessee, for the appellant, Kymberly Anne Ash.

Adrian R. Bohenberger and Kevin C. Kennedy, Clarksville, Tennessee, for the appellee, Dominique Clarke.

### MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

Dominique Clarke ("Father") and Kymberly Ash ("Mother") are unmarried parents of an eight-year-old daughter[2] ("Daughter"). Father filed a petition for

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The child was eight years old at the time Father filed the petition for modification and for

modification and for contempt in early 2018. According to his petition, Father sought to modify a permanent parenting plan entered on March 10, 2015.[3] Father alleged that a material change in circumstance had occurred due to Mother being unstable. He further claimed that he feared for the health, safety and welfare of Daughter. He requested that the court designate him as the primary residential parent. He also requested that Mother be held in contempt of court for reportedly restricting his visitation with Daughter.

The hearing on Father's petition for modification and contempt was held on October 3, 2018. Testimony was elicited from Father and Mother. At the conclusion of the testimony, the trial judge announced his oral ruling granting Father's petition. "Judicial notes" from the October 3, 2018 trial were filed on October 4, 2018, providing a synopsis of the trial court's findings and instructing Father's counsel to prepare an order. On October 19, 2018, Father's counsel mailed a letter to the trial judge, enclosing a proposed order and permanent parenting plan. Mother's counsel was copied on the letter. Father's counsel indicated in the letter that he and Mother's counsel could not agree on an order. On October 26, 2018, a permanent parenting plan and order were entered by the trial court. The certificate of service on both documents indicates that Father's counsel sent a copy of the documents to Mother's counsel on October 22, 2018.

The entered order reflects that Mother was in contempt of court for willfully violating the court's "order by denying Father visitation in June of 2015." The trial court further found that a material change in circumstance had occurred. Father's proposed parenting plan was adopted by the court with the exception that the court increased the number of days awarded to Mother from Father's proposal of 44 days to 80 days. Father was designated as the primary residential parent.

On October 30, 2018, four days after the trial court's order was entered, Mother's counsel sent a letter to the trial court judge enclosing her proposed order and permanent parenting plan from the hearing on October 3, 2018. She indicated that she and Father's counsel could not agree on an order "due to lack of communication." On November 7, 2018, a notice of hearing, signed by the juvenile court youth services officer, was sent to Mother's counsel and Father's counsel. A handwritten note was included on the notice of hearing providing that a hearing would be held on November 14, 2018, to "address the competing orders." On November 16, 2018, a judicial note was filed by the juvenile court clerk, indicating that the court accepted and entered Father's counsel's order. The record does not contain an order memorializing the judicial note. The next document in the record, that follows the judicial note, is Mother's counsel's proposed order that has a line marking through the document with "rejected TB 11-14-18" handwritten on the proposed order.

---

contempt.
[3] The March 10, 2015 permanent parenting plan was not included in the record, nor were any records filed prior to 2018.

On December 14, 2018, Mother filed a motion to amend pursuant to Tennessee Rule of Civil Procedure 59 and a motion to stay proceedings pending appeal. Mother requested, in her motion to amend, that the order entered on October 26, 2018, be corrected to reflect an entry date of November 14, 2018, and that all references to an "oral" motion to continue be removed. A judicial note was filed by the juvenile court clerk on December 20, 2018, which provided that:

> Judge Barnes speaks with counsel in chambers. Attorney Kevin Kennedy is present by telephone. The Motion Requesting Stay of Proceedings pending Appeal and the Motion to Amend Under Rule 59 filed by Attorney Paisley Anderson is denied.
>
> Attorney P. Anderson draw order.
>
> *Motion Hearing: 1/2/19 @ 9 is OFF.

A subsequent order was signed by the trial court judge on January 7, 2019, and erroneously marked filed January 9, 2018. The order in its entirety provides:

> This cause came on to be heard this the 20th day of December, 2018, on the Motion to Amend Under Rule 59 and Motion Requesting Stay of Proceedings Pending Appeal filed by Respondent, Kymberly Ash. After hearing argument of counsel, review of the entire file and for other good cause shown, this Court finds that Respondent's motion was timely filed and the date of the final Order is hereby November 14, 2018. Further, the Motion Requesting Stay of Proceedings Pending Appeal is denied.

Mother filed a notice of appeal on February 5, 2019.

## II.   ISSUES PRESENTED

Mother presents four issues for review on appeal, which we have consolidated and restated as follows:

1. Whether the trial court erred in finding that a material change in circumstance had occurred to justify changing the child's primary residential parent from Mother to Father.

2. Whether the trial court erred in finding that a modification of custody from Mother to Father was in the best interest of the child.

- 3 -

For the following reasons, we cannot consider the issues presented and must dismiss the appeal for lack of jurisdiction.

### III.  DISCUSSION

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, prior to addressing the merits of this appeal, we have reviewed the appellate record to determine if this Court has subject matter jurisdiction to hear this case. *Jackson v. Jackson*, No. W2003-01397-COA-R3-CV, 2006 WL 1381604, at *3 (Tenn. Ct. App. May 16, 2006). We are constrained to consider whether Mother timely filed a notice of appeal, although neither party raises the issue. *See Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988) (explaining "[i]t is the duty of any court to determine the question of its jurisdiction on its own motion if the issue is not raised by either of the parties, inasmuch as any judgment rendered without jurisdiction is a nullity."). In order to conduct such an analysis, we must determine the date of the final judgment.

### A.  Tennessee Rule of Civil Procedure  58

"A final judgment . . . is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009) (citing *In re Estate of Henderson,* 121 S.W.3d 643, 645 (Tenn. 2003)). Additionally, for a judgment to be final and effective, it must comport with the requirements in Tennessee Rule of Civil Procedure 58. *Fielder v. S. Health Partners*, No. M2014-01819-COA-R3-CV, 2016 WL 399777, at *3 (Tenn. Ct. App. Feb. 1, 2016). Rule 58 provides, in relevant part, as follows:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
>
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
>
> . . . .

Tenn. R. Civ. P. 58.

- 4 -

In this case, we have two judgments that comply with Rule 58. The first judgment was entered on October 26, 2018, and the second judgment was entered on January 7, 2019. The judgment entered on January 7, 2019, is the judgment from which Mother originated this appeal, which was filed on February 5, 2019. Mother contends that a "final order" could not have been entered on October 26, 2018, as the trial judge did not "approve entry" of a final order until November 14, 2018. We reiterate that a final judgment must resolve all the parties' claims and leave the court with nothing to adjudicate. *Ball*, 288 S.W.3d at 836-37 (citations omitted).

The claims in this case arise from Father's petition for modification and for contempt. On October 3, 2018, a hearing was held on Father's petition and the trial judge announced his ruling. On October 4, 2018, a judicial note was filed by the juvenile court clerk instructing Father's counsel to prepare the order. Shortly thereafter, on October 19, 2018, Father's counsel mailed a letter to the trial judge, enclosing a proposed order and permanent parenting plan. Mother's counsel was copied on the letter. Father's counsel indicated in the letter that he and Mother's counsel could not agree on an order.

On October 26, 2018, the proposed order and permanent parenting plan prepared by Father's counsel was entered in accordance with Tennessee Rule of Civil Procedure 58. The entered order was signed by the trial judge and Father's counsel. The certificate of service on both documents indicated that Father's counsel sent a copy of the documents to Mother's counsel on October 22, 2018. Mother does not challenge service of the October 26, 2018 order or assert that the order did not dispose of all claims. However, on October 30, 2018, four days after the trial court's order was entered, Mother's counsel sent a letter to the trial court judge enclosing her own proposed order and permanent parenting plan from the hearing on October 3, 2018. She indicated that she and Father's counsel could not agree on an order "due to lack of communication."[4]

After a thorough review of the record, there is nothing to indicate that the October 26, 2018 order was erroneously entered. Furthermore, it is clear that the order did dispose of all claims. Therefore, the October 26, 2018 order was an effective final judgment.

## B. Tennessee Rule of Civil Procedure 59

"[A] party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal" within thirty days "after the date of entry of judgment appealed from[.]" *Ball*, 288 S.W.3d at 836; *see also* Tenn. R. App. P. 4(a)-(b). However, there are certain motions that may toll the time limit. *Id.* The Supreme Court explained:

---

[4] Notice of entry of Father or Mother's proposed order was not requested. *See* Tenn. R. Civ. P. 58.

The thirty-day time limit set out in Rule 4 is jurisdictional in civil cases. *See, e.g., First Nat'l Bank of Polk County v. Goss,* 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995). However, certain post-trial motions, including a motion to alter or amend, *if timely filed,* toll commencement of the thirty-day period until an order granting or denying the motion is entered. Tenn. R. App. P. (4)(b). According to Tennessee Rule of Civil Procedure 59.04, a motion to alter or amend a judgment is timely if "filed and served within thirty (30) days after the *entry of the judgment.*"

*Binkley v. Medling,* 117 S.W.3d 252, 254-55 (Tenn. 2003) (emphasis in original). Rule 59 provides a list of motions that will toll commencement of the thirty day limit, explaining:

> Motions to which this rule is applicable are: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment. These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process. Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.

Tenn. R. Civ. P. 59.01; *see also* Tenn. R. App. P. 4(b).

The next step in the analysis of this case is to determine whether the thirty day time period was tolled to extend the time for appeal from the October 26 order. After Mother sent her letter enclosing her proposed order, on November 7, 2018, a notice of hearing, signed by the juvenile court youth services officer, was sent to Mother's counsel and Father's counsel. A handwritten note was included on the notice of hearing providing that a hearing would be held on November 14, 2018, to "address the competing orders." On November 16, 2018, a judicial note was filed by the juvenile court clerk, indicating that the court accepted and entered Father's counsel's order. It is unclear from the record why the trial court proceeded with a hearing on November 14, 2018, after it had entered an effective final judgment on October 26, 2018. Nevertheless, such action by the trial court did not toll the thirty day time period for the filing of post-trial motions or a notice of appeal. *See* Tenn. R. Civ. P. 59.01; *see* also *Binkley,* 117 S.W.3d at 254-55.

We recognize that the trial court, in accordance with Rule 59.05, had the authority to alter or amend the judgment entered on October 26, 2018. Rule 59.05 provides that:

> *Within 30 days after entry of judgment the court on its own initiative may alter or amend the judgment,* or the court may order a new trial for any

reason for which it might have granted a new trial on motion of a party where no such motion has been filed. After giving the parties notice and opportunity to be heard, the court may grant a motion for a new trial, timely filed and served, for reasons not stated in the motion. *In either case, the court shall specify in its order the grounds for its action.*

Tenn. R. Civ. P. 59.05 (emphasis added). The purpose of Rule 59 "is to prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors before a judgment becomes final." *U.S. Bank, N.A. v. Tennessee Farmers Mut. Ins. Co.*, 410 S.W.3d 820, 826 (Tenn. Ct. App. 2012) (citation omitted). However, we find nothing to suggest that the trial court was exercising its authority to alter or amend the judgment. The judicial note filed on November 16, 2018, does not provide that the trial court corrected any errors in the October 26, 2018 order. Furthermore, the record does not contain an order memorializing the judicial note. If the court was attempting to exercise its power to alter or amend the judgment, that action would require the court to specify "in its order the grounds for its action." Further, the record is devoid of any such grounds upon which the trial court would have based an exercise of that power. As we have explained a court "speaks through its order" not a transcript of the proceedings or other documents. *See Steppach v. Thomas*, 346 S.W.3d 488, 522 (Tenn. Ct. App. 2011) (citation omitted). Additionally, "no oral pronouncement is of any effect unless and until made a part of a written judgment duly entered." *Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88, 93 (Tenn. Ct. App. 1979) (citations omitted).

On December 14, 2018, Mother filed a motion to amend pursuant to Rule 59 and a motion to stay proceedings pending appeal. Mother requested, in her motion to amend, that the order entered on October 26, 2018, be corrected to reflect an entry date of November 14, 2018, and that all references to an "oral" motion to continue be removed. Mother contends that November 14, 2018, is the date that the trial court approved entry of a final order. On December 20, 2018, another judicial note was filed by the juvenile court clerk, which provided that:

> Judge Barnes speaks with counsel in chambers. Attorney Kevin Kennedy is present by telephone. The Motion Requesting Stay of Proceedings pending Appeal and the Motion to Amend Under Rule 59 filed by Attorney Paisley Anderson is denied.
>
> Attorney P. Anderson draw order.
>
> *Motion Hearing: 1/2/19 @ 9 is OFF.

A subsequent order was signed by the trial court judge on January 7, 2019, and erroneously marked filed January 9, 2018. The order in its entirety provided:

- 7 -

This cause came on to be heard this the 20th day of December, 2018, on the Motion to Amend Under Rule 59 and Motion Requesting Stay of Proceedings Pending Appeal filed by Respondent, Kymberly Ash. After hearing argument of counsel, review of the entire file and for other good cause shown, this Court finds that Respondent's motion was timely filed and the date of the final Order is hereby November 14, 2018. Further, the Motion Requesting Stay of Proceedings Pending Appeal is denied.

The language of the January 2019 order indicates that the final order is November 14, 2018. However, the record does not contain a judgment from November 14, 2018. The only effective final judgment in the record is from October 26, 2018. Therefore, Mother had thirty days from October 26, 2018, to file a motion to alter to amend, in accordance with Rule 59. Mother did not do so; therefore, her December 14, 2018 motion was not timely filed.

Even assuming arguendo that the January 7, 2019 order memorialized the actions of the trial court on November 14, 2018, and was intended to be the final order, it still does not render Mother's December 2018 motion timely. As the Supreme Court has stated, "[a] final judgment . . . is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate. *Ball*, 288 S.W.3d at 836-37. As part of the Court's analysis in *Ball*, it explained federal law's similar approach focusing on the substantive rights being affected by the judgment:

When analyzing which of multiple judgments constitutes the final judgment, federal law likewise focuses on the substantive rights affected by each judgment. In *FTC v. Minneapolis-Honeywell Regulator Co.,* 344 U.S. 206, 73 S. Ct. 245, 97 L.Ed. 245 (1952), the Supreme Court concluded that the limitations period for filing a notice of appeal should begin to run from a subsequent judgment only if the subsequent judgment affects the "legal rights and obligations" that have been "plainly and properly settled with finality" by the first judgment. *Id.* at 211-12, 73 S. Ct. 245. It has thus become well-settled in federal law that "[w]here a judgment is reentered, and the subsequent judgment does not alter the substantive rights affected by the first judgment, the time for appeal runs from the first judgment." *Farkas v. Rumore,* 101 F.3d 20, 22 (2d Cir.1996) (citing *Minneapolis– Honeywell Regulator Co.,* 344 U.S. at 211-12, 73 S. Ct. 245); *see also United States v. Doe,* 374 F.3d 851, 853-54 (9th Cir. 2004); *United States v. Cheal,* 389 F.3d 35, 52 & n. 20 (1st Cir. 2004); *United States v. Aiken,* 13 Fed.Appx. 348, 350-52 (6th Cir. 2001); *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 223 & n. 2 (1st Cir. 1994); *Whittington v. Milby,* 928 F.2d 188, 191–92 (6th Cir. 1991). This approach promotes finality and reflects "the principle that litigation must at some definite point

be brought to an end." *Minneapolis-Honeywell Regulator Co.,* 344 U.S. at 213, 73 S.Ct. 245; cf. *Harris v. Chern,* 33 S.W.3d 741, 745 (Tenn. 2000).

*Ball*, 288 S.W.3d at 837.

We also considered a similar issue in *Graybeal v. Sherrod*, No. E2011-01825-COA-R3-CV, 2012 WL 4459807, at *9-10 (Tenn. Ct. App. Sept. 27, 2012). The dispute in that case was between a lawyer and his former client. *Id.* In April 2010, the trial court entered a final judgment. *Id.* On May 21, 2010, a timely motion to alter or amend the judgment was filed by the client. *Id.* On June 4, 2010, the lawyer filed an untimely motion to alter or amend. *Id.* On September 15, 2010, the trial court entered a judgment denying the client's and lawyer's motions to alter or amend. *Id.* The September 2010 judgment "was in substance a reiteration of the April 2010 judgment with a hand-written notation denying" the motion to alter or amend. *Id.* In October 2010, the lawyer filed a successive motion to alter or amend. *Id.* In March 2011, the client filed a motion seeking "Rule 60.02 relief or alternatively Rule 59.04 relief." *Id.* A judgment was entered in August 2011 denying the Lawyer's motion and granting the client's motion in part. *Id.* The lawyer appealed. *Id.* We concluded that:

> Had the September 2010 judgment altered the April 2010 judgment in a manner adverse to the Lawyer, it would have had the effect of starting the time anew for filing a timely motion pursuant to Tenn. R. Civ. P. 59. *Albert v. Frye,* 145 S.W.3d 526, 528 (Tenn. 2004), *see Ball . . .,* 288 S.W.3d . . . [at] 838 . . . ("We conclude that when consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment."). However, because the September 2010 judgment did not adversely change the original April 2010 judgment vis-a-vis the Lawyer, the September 2010 judgment became immune from Tenn. R. Civ. P. 59 alteration and subject to alteration only pursuant to Rule 60. *See id.* The result is that the Lawyer's motion to alter or amend filed on October 14, 2010, was ineffective to toll the time for filing a notice of appeal because it was filed more than 30 days after entry of the April 2010 judgment. *Gassaway v. Patty,* 604 S.W.2d 60, 61 (Tenn. Ct. App. 1980) (the time for "all parties" for filing a notice of appeal runs from the first order denying a Rule 59 motion). *Gassaway* has come to stand for the proposition that all such motions must be timely filed from the date of the judgment to be altered and that successive Rule 59 motions are not allowed. *See also Parks v. Mid-Atlantic Finance Co.,* 343 S.W.3d 792, 799 (Tenn. Ct. App. 2011) (*citing Albert* for the same proposition). The one exception that has been allowed is the one in *Albert* where one party files a Rule 59 motion upon which the court essentially enters a new judgment, forcing the adverse party to then seek correction of that new judgment.

*Id*.

Applying the same reasoning as in *Graybeal* and *Ball,* Mother's Rule 59 motion was not timely, as the judgment entered in January 2019 did not alter or amend anything in the October 26, 2018 judgment, but merely stated that the final order is November 14, 2018. Furthermore, as we have explained, there is no evidence that the January 2019 order constituted entry of amended judgment in accordance with Rule 59.05, as the order failed to include a specific statement of the trial court's reasoning. *See* Tenn. R. Civ. P. 59.05. Because Mother's December 2018 motion was untimely filed, "[t]he trial court . . . lacked jurisdiction to rule on the motion to alter or amend." *Ball*, 288 S.W.3d at 837.

### C. Tennessee Rule of Civil Procedure 60

Having determined that Mother's motion seeking relief pursuant to Rule 59 was untimely, the only remedy available to Mother would have been to seek relief pursuant to Rule 60.02. *See* Tenn. R. Civ. P. 60.02. It is undisputed that Mother did not file a motion seeking Rule 60.02 relief; however, "courts of this state are required to consider the substance of the motion rather than its form or title." *Dunlap v. Dunlap*, 996 S.W.2d 803, 812 (Tenn. Ct. App. 1998) (citing *Tennessee Farmers Mut. Ins. Co. v. Farmer,* 970 S.W.2d 453, 455 (Tenn. 1998); *Parker v. Vanderbilt Univ.,* 767 S.W.2d 412, 421 n. 1 (Tenn. Ct. App. 1988); *Thigpen v. First City Bank,* No. 01A01-9603-CV-00095, 1997 WL 351247, at *2 (Tenn. Ct. App. June 27, 1997)). Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of

error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Tenn. R. Civ. P. 60.02.

The motion filed by Mother on December 14, 2018, pursuant to Rule 59 stated in its entirety:

Comes now the Respondent, Kymberly Ash, by and through counsel, . . . and hereby requests this Honorable Court to amend two errors in the Parenting Plan order during a final hearing heard before this Honorable Court on October 3, 2018, pursuant to Rule 59 of the Tennessee Rules of Civil Procedure. In support of the same, the Petitioner would submit the following:

1. That the parties participated in a final hearing on October 3, 2018;

2. That the Court found in favor of the Petitioner, and the Petitioner's counsel was designated to prepare the Final Order;

3. That the parties were unable to come to an agreement regarding the Final Order and the Parenting Plan;

4. That Petitioner's attorney submitted a proposed Final Order to the Court with a letter explaining the parties could not come to an agreement regarding the Final Order;

5. That Respondent's attorney then submitted a proposed Final Order to the Court, with a letter detailing the same;

6. That on November 14, 2018, this Court held a hearing to review the competing Orders, and entered the Petitioner's proposed Order as the Final Order;

7. That this Final Order contains two errors that need to be corrected in order for the Final Order to be a true representation of the matter;

8. That Paragraph One (1) of the Final Order states the Respondent's oral Motion to Continue was denied; however, the Petitioner filed a formal Motion to Continue that was heard prior to the final hearing on October 3, 2018;

- 11 -

9. That Respondent respectfully requests this Honorable Court amend or correct the Order to remove the reference to an oral Motion to Continue;

10. That the last page of the Order states the Order was signed on October 25, 2018; however, the order could not have been entered on this date, considering the Final Order was not approved for entry until the hearing regarding the competing Orders on November 14, 2018; and

11. That Respondent respectfully requests this Honorable Court amend the Order to reflect the correct date on which it was entered on, November 14, 2018, or a later date.

WHEREFORE, premises considered, Respondent respectfully requests that this Court enter an Order amending or correcting these errors regarding the Respondent's Motion to Continue and the date the Order was entered on.

"Even giv[ing] effect to the substance, rather than form or terminology . . . we find that . . . [Mother's] Motion failed either to expressly claim relief under Tennessee Rule of Civil Procedure 60.02 or to utilize language contained within such Rule." *Anderson v. Anderson*, No. W2007-01220-COA-R3-CV, 2008 WL 5263384, at *4 (Tenn. Ct. App. Dec. 17, 2008) (internal citations omitted). Although, Rule 60.02(5) could potentially be used as a basis for relief we have explained that:

> Rule 60.02(5) "is to be construed quite narrowly," *Id.* at 625 (citing *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn.1993)), as the "standards of Rule 60.02(5) are more demanding than those applicable to the other grounds for relief under the rule." *Holly v. Holly,* No. M2007-02130-COA-R3-CV, 2008 WL 2695656, at *3 (Tenn. Ct. App. July 9, 2008). Additionally, "[r]elief under Rule 60.02(5) is only appropriate in cases of overwhelming importance or in cases involving extraordinary circumstances or extreme hardship." *Federated Ins. Co. [v. Lethcoe],* 18 S.W.3d at 624 [(Tenn. 2000)] (citing *Underwood,* 854 S.W.2d at 97) (holding that "'Rule 60.02(5) may not be used to relieve a party of its free, calculated, and deliberate choices'"). *Id.* (quoting *Banks [v. Dement Construction Company, Inc.],* 817 S.W.2d at 19 (Tenn. 1991).

*Anderson*, 2008 WL 5263384, at *5. Additionally, we recognize that the trial court, in accordance with Tennessee Rule of Civil Procedure 60.01, had the authority to correct:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, . . . at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. . .

Tenn. R. Civ. P. 60.01. However, even if such relief is provided, it is simply a "mechanism for correcting mistakes in judgments" and a "judgment still exists." *Anderson*, 2008 WL 5263384, at *6 (citations omitted).

Again, there is no evidence in the record that there was a need for correction of the October 26, 2018 judgment. Accordingly, "[w]e do not here deal with Rule 60.01, since this rule is designed to afford relief in those character of cases wherein the judgment or order, either standing alone, or when viewed in connection with other portions of the record, shows facially that it contains errors arising from oversight or omission." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). Id. (citing *Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

In sum, we conclude that relief pursuant to Rule 60 is not appropriate in this case. Furthermore, because Mother filed her notice of appeal within thirty days of the denial of an untimely motion to alter or amend and not within thirty days of the October 26, 2018 judgment, we lack jurisdiction to hear this case and do not reach the merits. *Ball*, 288 S.W.3d at 836-37; *see also* Tenn. R. App. P. 2 and 21(b) (explaining that appellate courts may not extend the time for filing a notice of appeal).

## IV.  CONCLUSION

For the aforementioned reasons, this appeal is dismissed for lack of jurisdiction. Costs of this appeal are taxed to the appellant, Kymberly Ash, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE