IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 3, 2017

**CANDACE MCALLISTER v.
LAW OFFICE OF STEPHEN R. LEFFLER, PC., ET AL.**

**Appeal from the Circuit Court for Shelby County
No. CT-004475-10     Jerry Stokes, Judge**

---

**No. W2016-00853-COA-R3-CV**

---

This appeal involves a breach of contract action in which the trial court granted summary judgment in favor of the defendant and later dismissed a motion to alter or amend its judgment.  The plaintiff appeals the denial of her motion to alter or amend the judgment. We dismiss the appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;
Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Candace McAllister, Friendsville, Tennessee, Pro Se.

Stephen R. Leffler, Memphis, Tennessee, for the appellees, Law Office of Stephen R. Leffler, P.C. and Stephen R. Leffler, as an individual.

**MEMORANDUM OPINION[1]**

At some point in 2009, Candace McAllister ("Plaintiff") paid Stephen R. Leffler ("Defendant"), through the Law Office of Stephen R. Leffler, P.C., a flat rate fee of $7,500 to serve as her son's attorney.   Thereafter, Defendant met with Rodney

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

McAllister, who had been charged with felony vandalism, to discuss the case. Defendant presented Mr. McAllister with a written fee agreement, dated February 12, 2009. The agreement provided, in pertinent part, as follows:

> This will confirm that you have paid a reasonable fee of $7,500 for handling the indictment for vandalism pending in the Criminal Court of Lauderdale County. This fee represents payment for services performed in the court where the case is now pending. It does not include payment for services in other courts or in matters pertaining to the circumstances of your housing while in the custody of the State of Tennessee. Payment for any additional services will be discussed with you when those services become necessary.

Mr. McAllister signed the agreement, and a signed copy was sent to Plaintiff.

Defendant represented Mr. McAllister at trial on October 12, 2009, after which Mr. McAllister was found guilty of felony vandalism, a Class D felony, a lesser included offense of the original charge. Defendant did not file a motion for new trial or a notice of appeal on Mr. McAllister's behalf.

On September 9, 2010, Plaintiff, acting pro se, filed a breach of contract action against Defendant, alleging that he breached his oral agreement with her to represent Mr. McAllister at trial *and* on appeal for the flat fee of $7,500. Defendant denied her claim. Plaintiff filed a motion for summary judgment, and Defendant responded with its own motion.[2] The case proceeded to a hearing on February 22, 2013. Plaintiff failed to attend the hearing. Thereafter, the court entered an order in which it denied Plaintiff's motion for summary judgment, entered judgment in favor of Defendant, and dismissed the action, finding that the written contract superseded any oral negotiations between the parties. This order, filed by the clerk on February 25, 2013,[3] was a final judgment as evidenced by the fact that it resolved all claims and liabilities of the parties,[4] was signed

---

[2] Defendant's motion was not included in the technical record; however, the memorandum in support of the motion was provided.

[3] Plaintiff claims on appeal that the order was not final until she received a copy of the signed order on March 18, 2013. We disagree. *See* Tenn. R. Civ. P. 58 ("Entry of a judgment or an order of final disposition is effective when a judgment containing [certain elements] is marked on the face by the clerk as filed for entry.").

[4] Plaintiff alleges that the court failed to rule on her motion to amend her complaint to include additional claims of wire fraud and attempted extortion, relating to Defendant's procurement of the flat rate fee. The court's entry of summary judgment in favor of Defendant operates as an implicit denial of the motion, an issue that could have been raised on appeal had this court acquired subject matter jurisdiction.

by the trial judge and Defendant, and included an attached certificate of service, dated February 25, providing that a copy of the proposed order had been served on Plaintiff.

Plaintiff filed a motion to alter or amend the court's judgment on April 12, 2013, citing numerous errors.[5]  Following a hearing, the trial court entered an order denying the motion to alter or amend on March 1, 2016, based upon the substance of the motion and its untimeliness.  This order was signed by the trial court and Defendant and included an attached certificate of service, providing that a copy of the proposed order had been served on Plaintiff.  However, the certificate of service did not bear the date indicating when the order was mailed as required by Rule 58 of the Tennessee Rules of Civil Procedure.[6]

Plaintiff filed a notice of appeal on April 18, 2016.  Upon our receipt of the record, we concluded that this court lacked subject matter jurisdiction because the order appealed from did not comply with the requirements of Rule 58.  Accordingly, we directed entry of an order which fully complied with Rule 58.  The court entered such an order on January 27, 2017, an exact copy of the original with the exception of the addition of the date on which a copy of the new order was mailed.

Plaintiff raises a plethora of issues on appeal relating to the court's grant of summary judgment and denial of her motion to alter or amend.  Both parties request attorney fees on appeal.  We must first address whether this court still lacks subject matter jurisdiction based upon (1) the filing of the motion to alter or amend on April 12, 2013,[7] and (2) the filing of the notice of appeal on April 18, 2016.  A notice of appeal

---

[5] The case remained pending until the Supreme Court directed the trial court to either rule upon the motion or schedule further proceedings within 20 days of January 28, 2016.  The record is unclear as to why the case remained pending for almost three years.

[6] Rule 58 of the Tennessee Rules of Civil Procedure provides, in pertinent part, as follows:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> (1)      the signatures of the judge and all parties or counsel, or
> (2)      the signatures of the judge and one party or counsel with a certificate of service of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3)      the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

[7] Plaintiff claims that her motion was filed on April 4 pursuant to the "mailbox rule."  Rule 5.06 of the Tennessee Rules of Civil Procedure provides that a filing "mailed by or on behalf of pro se litigants who are incarcerated in a correctional facility" may be considered timely if mailed "within the time fixed for filing."  This rule does not apply here because Plaintiff was not incarcerated.

must "be filed . . . within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). This court is not at liberty to waive the untimely filing of a notice of appeal. Tenn. R. App. P. 2. However, the time for filing a notice of appeal may be extended by the *timely* filing of a motion to alter or amend the judgment. Tenn. R. App. P. 4(b). In such cases, the time for filing a notice of appeal shall run from the date of the entry of the order ruling upon such motion. Tenn. R. App. P. 4(b).

Rule 59.04 of the Tennessee Rules of Civil Procedure provides as follows:

A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment.

The motion to alter or amend in this case was filed on April 12, 2013, more than 30 days after the entry of the final judgment on February 25, 2013. Accordingly, the trial court lacked jurisdiction to rule upon the motion to alter or amend. This court similarly lacks jurisdiction because the notice of appeal was not filed within 30 days of the February 2013 judgment. *See Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009) ("The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal.").

With the above considerations in mind, we dismiss the appeal for lack of subject matter jurisdiction. In our discretion pursuant to Tennessee Code Annotated section 27-1-122,[8] we also respectfully deny Defendant's request for attorney fees on appeal. We remand this case to the trial court for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Candace McAllister.

 

 

_____
JOHN W. McCLARTY, JUDGE

---

[8] "When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal."

- 4 -