FILED

07/24/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 15, 2018

## JUDY MORROW WRIGHT ET AL. v. MATTHEW G. BUYER ET AL.

**Appeal from the Probate Court for Shelby County**
**No. PR-7275   Kathleen N. Gomes, Judge**

_____

### No. W2018-01094-COA-T10B-CV
_____

This is an accelerated interlocutory appeal as of right from the denial of a motion for recusal. In their petition for recusal appeal, Petitioners admit that they did not promptly file the recusal motion after the facts forming the basis for the motion became known. As such, Petitioners waived their right to challenge the probate judge's impartiality. The record is also insufficient to support a finding of error on the part of the probate judge because the motion for recusal was unaccompanied by an affidavit as required by the rules. Thus, we affirm the probate court's denial of the recusal motion.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal as of Right; Judgment of the Probate Court Affirmed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II and ARNOLD B. GOLDIN, JJ., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellants, Judy M. Wright and David L. Morrow.

## OPINION

### I.

Petitioners, Judy M. Wright and David L. Morrow, are first cousins of the late John J. Goza, the son of Helen B. Goza. *See Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3-CV, 2011 WL 334507, at *1 (Tenn. Ct. App. Jan. 31, 2011). Petitioners, along with the Estate of John J. Goza,[1] filed what was entitled a "FIRST AMENDED

_____

[1] Although the first amended complaint included the Estate of John J. Goza as a party-plaintiff, none of the other pleadings or orders in the supporting documents filed with this appeal list the Estate as a

COMPLAINT <u>FOR</u> CIVIL CONSPIRACY TO DEFRAUD AND TO CONVERT PROPERTY OF NON COMPOS MENTIS[2] CESTUI QUE TRUST,[3] TO BREACH INDIVISIBLE DUTY OF LOYALTY, <u>FOR</u> FRAUD, <u>FOR</u> BREACH OF CONFIDENCE/CONFIDENTIAL RELATIONSHIP, <u>FOR</u> CONVERSION AND <u>FOR</u> NEGLIENCE [sic]" against SunTrust Bank and Matthew G. Buyer in the Probate Court for Shelby County, Tennessee.

At ninety-one pages, all but one page of which is exhibited to the petition for recusal appeal, the first amended complaint defies succinct description. The first amended complaint does contain a two and one-half page "Preface," which is somewhat illuminating. The "Preface" provides as follows:

> This complaint seeks money damages from SunTrust Corporation, in its individual corporate capacity, as a tortfeasor which, though disqualified (paragraph 181f herein) as a trustee by a patent conflict of interests, usurped the role of trustee of the John Goza Lifetime Trust and took control (without any accountability to any duly authorized conservator or guardian answerable to a court of competent jurisdiction) of the financial affairs of the non compos mentis adult, John J. Goza, the decedent of plaintiff, The Estate of John J. Goza (hereinafter "Estate"). The purpose, Estate alleges, was to tortiously convert use and benefit of the assets of the John Goza Lifetime Trust to the use and benefit of SunTrust Corporation and others (e.g., Perpetual Charitable Trust) with interests in conflict to John J. Goza's interests.

> Mr. Buyer is the agent of SunTrust Corporation who acted for and on behalf of SunTrust Corporation, to carry out SunTrust Corporation's tortious wrongdoing, breaches of contract and conspiracy.

> Among other injuries, the complaint seeks recovery of compensatory damages for SunTrust Corporation and Mr. Buyer intentionally causing John J. Goza to suffer personal injury.

Later in the first amended complaint, we learn that Petitioners also seek "punitive damages inuring to the benefit of Estate by virtue of the tortious acts/omissions causing

---

party. The Estate is also not a party to this appeal.

[2] *Non compos mentis* is Latin for "not master of one's mind." *Non compos mentis*, BLACK'S LAW DICTIONARY (10th ed. 2014).

[3] Cestui que trust refers to "[s]omeone who possesses equitable rights in property" or, in other words, a beneficiary. *Cestui que trust*, BLACK'S LAW DICTIONARY (10th ed. 2014).

. . . personal injury and economic injury to John J. Goza, during part of John J. Goza's life, more particularly from May 15, 2001 through the September 2[6], 2007 death of John J. Goza."

The Preface also explains that the first amended complaint does not challenge the creation or existence of either of the referenced trusts. The Preface begins as follows:

> The hereinafter complaint presupposes that the John Goza Lifetime Trust . . . and the Perpetual Charitable Trust . . . were created and the John J. Goza Lifetime Trust existed until terminated by the cessation of John J. Goza's Lifetime [sic] and, in the case of the Perpetual Charitable Trust, has continued uninterruptedly to exist.

The Preface concludes as follows:

> The instant claims for relief are solely based on the fact that SunTrust Corporation and Mr. Buyer "committed a wrongful or tortious act" and not all [sic] on "whether or no [sic] not a trust in fact exists" or anything about "the proper court" to determine whether a "trust in fact exists."

Ultimately, the probate court granted SunTrust's and Mr. Buyer's motion to dismiss based on lack of subject matter jurisdiction and the expiration of the statute of limitations. The probate court concluded it had no "subject matter jurisdiction over an unliquidated tort claim as an original cause of action." *See* Tenn. Code Ann. § 16-16-107 (Supp. 2017). The court further concluded that the three-year limitations period for a tort action had long expired because the cause of action accrued on September 26, 2007, upon Mr. Goza's death. *See id.* § 28-1-105 (2017).

In response to the probate court's order of dismissal, Petitioners filed a motion to recuse, and later, a substituted and superseding motion to recuse. Among other things, Petitioners sought recusal of the probate court judge because Matthew Thornton, one of the attorneys for the defendants, previously served as substitute judge for the probate court. According to Petitioners, this fact "evidence[d] a professional relationship between [the probate court judge] and Mr. Thornton," creating "the appearance that the [probate court judge] is adjudicating the instant case being defended by a person in a position as would be a colleague who serves . . . in the same court."

Petitioners also alleged that the probate court judge's "long history . . . as a practitioner" of trust and estate law involved performing tasks "associated with so-called 'living trusts.'" As a result, Petitioners argued that the probate court judge's prior legal experience "has so 'psychologically wedded' [her] to the proposition that so-called 'living trusts are lawful in Tennessee,'" making "it impossible for [the probate court

judge] to adjudicate claims for relief by [Petitioners] predicated on [Petitioners'] contention that so-called 'living trusts' are outlawed by controlling Tennessee precedent."

The probate court entered an order denying the motion for recusal. The court found "[t]he fact that Mr. Thornton was appointed on one occasion to serve as a Substitute Judge[ ] does not make a professional relationship" nor does it "make the Court bias[ed] in his favor." The court also denied that her history of "practic[ing] in the area of Probate law and deal[ing] with many lawyers over the years" was a ground for recusal because the validity of the trusts "has already been determined." The court found that Petitioners "failed to establish that this Court is biased or prejudiced in any way against" Petitioners or their counsel. From this order, Petitioners seek an accelerated interlocutory appeal.

## II.

### A.

Rule 10B of the Rules of the Supreme Court of Tennessee governs the procedure for "determin[ing] whether a judge should preside over a case." TENN. SUP. CT. R. 10B. Section 2 of that rule governs appeals from a trial court's denial of a motion for disqualification or recusal. The unsuccessful movant can either seek "an accelerated interlocutory appeal as of right . . . or the ruling can be raised as an issue in an appeal as of right . . . following the entry of the trial court's judgment." *Id.* § 2.01. These are "the exclusive methods for seeking appellate review." *Id.* In this instance, Petitioners asserted that they filed a timely motion to alter or amend the order of dismissal under Rule 59.04 of the Tennessee Rules of Civil Procedure; if so,[4] the order of dismissal is not yet final. *See* TENN. R. APP. P. 4(b); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

An accelerated interlocutory appeal as of right is initiated by the filing of "a petition for recusal appeal." *Id.* § 2.02. The petition for recusal appeal must contain certain elements and be accompanied by certain documentation to facilitate appellate review, which we are required to carry out "on an expedited basis." *Id.* §§ 2.03, 2.06. In a Rule 10B appeal, "the only order we may review is the trial court's order that denies a motion to recuse." *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). We review a trial judge's ruling on a recusal motion "under a de novo standard of review." TENN. SUP. CT. R. 10B § 2.01.

---

[4] The motion to alter or amend under Rule 59 is not included in the record on appeal. But whether we treat this as an accelerated interlocutory appeal or not, the outcome would be the same.

After a review of the petition and supporting documents, we have determined that an answer, additional briefing, and oral argument are unnecessary. *See id.* §§ 2.05, 2.06. Thus, we act summarily on the appeal.[5] *See id.* § 2.05.

B.

In Tennessee, litigants "have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see also* TENN. CONST. art VI, § 11. This right is not absolute, however; the party seeking recusal must file the recusal motion "promptly after the facts forming the basis for the motion become known." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). "It is a well known and well accepted rule that a party must complain and seek relief immediately after the occurrence of a prejudicial event and may not silently preserve the event as an 'ace in the hole' to be used in event of an adverse decision." *Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988) (quoting *Spain v. Connolly*, 606 S.W.2d 540, 543 (Tenn. Ct. App. 1980)). A party's failure to take action "in a timely manner results in a waiver of a party's right to question a judge's impartiality." *Kinard*, 986 S.W.2d at 228.

We conclude Petitioners waived their right to challenge the probate judge's impartiality in this case. Here, Petitioners admit in their petition for recusal appeal that, even before the probate judge ruled on SunTrust's and Mr. Buyer's motion to dismiss, they "kn[ew] [the probate judge's] propensity to use result-oriented adjudication to defy precedent and rule according to [the probate judge's] self-centered predisposition." But Petitioners admittedly "withheld a motion to recuse in hopes that the absence of an issue concerning the unlawful use of the H. Goza Revocable Trust would suppress [the probate judge's] propensity and allow principled precedent-controlled adjudication to determine results." According to them, the dismissal order "was the most result-oriented adjudication Adjudicator had ever rendered . . . and withholding the Recusal Motion could no longer be justified."

Even if the issue was not waived, we further conclude the record is insufficient to support a finding that the probate court judge erred in its denial of the motion to recuse. *See, e.g., Elseroad v. Cook*, No. E2018-00074-COA-T10B-CV, 2018 WL 576658, at *4-

---

[5] While this case was pending on appeal, Petitioners filed a motion to dismiss their petition for recusal appeal. According to Petitioners, "by oversight," their substituted and superseding motion to recuse did not quote "the precise and exact words" contained in § 1.01 of Rule 10B. The section requires that any motion seeking disqualification or recusal of a trial judge to "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." TENN. SUP. CT. R. 10B § 1.01. Petitioners seek dismissal for purpose of filing a new motion to recuse, including any missing language. We deny the motion to dismiss the petition for recusal appeal.

5 (Tenn. Ct. App. Jan. 26, 2018); *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015). Rule 10B § 1.01 provides that the motion to recuse "**shall** be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge." TENN. SUP. CT. R. 10B § 1.01 (emphasis added). We have interpreted this language as mandatory. *Johnston*, 2015 WL 739606, at *2. Here, despite arguing that the court's order denying the recusal motion "must be given less deference than the words of the Recusal Motion because the former are unsworn, and the latter are sworn," Petitioners did not support their recusal motion with an affidavit or a declaration under penalty of perjury on personal knowledge.[6] We have previously stressed "that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Id.* "As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance." *Id.*

## III.

Based on waiver and Petitioners' failure to properly support their motion, we conclude that the probate court did not err in its denial of the recusal motion. Thus, we affirm the decision of the probate court. This case is remanded for such further proceedings as may be necessary.

_____
W. NEAL MCBRAYER, JUDGE

---

[6] According to the probate court judge, "[t]he accusations and allegations [in the substituted and superseding motion to recuse] are based on innuendo and suppositions, and not based on fact." We agree, and not just because of the lack of an affidavit or declaration. For example, in their memorandum in support of the motion to recuse, Petitioners concede that "it is anticipated by probable cause, but not yet known for certain, that [the probate court judge], in private practice, advised clients that living trusts are an enforceable means by which a living trust settlor can control post-death distribution of the living trust's corpus." Yet Petitioners describe this slender reed as their "[f]irst and foremost" basis for recusal.