IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 3, 2025

## RODGER BROADWAY v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 23-CV-7754      Michael E. Spitzer, Judge**

_____

### No. M2024-00764-COA-R3-CV

_____

This appeal concerns a disciplinary action taken against a prisoner. Rodger Broadway ("Petitioner"), an inmate at Turney Center Industrial Complex, was found guilty of Class B Defiance by the prison's disciplinary board ("the Board") for cursing at another inmate while in the gym. Petitioner, pro se, filed a petition for writ of certiorari in the Chancery Court for Hickman County ("the Trial Court") against the Tennessee Department of Correction ("TDOC") and multiple officials ("Respondents," collectively). The Trial Court upheld the Board's decision. Petitioner filed a motion to alter or amend, which the Trial Court denied as untimely even though Petitioner delivered the motion to the appropriate individual at his correctional facility within the time fixed for filing. We vacate the Trial Court's judgment and remand for the Trial Court to consider Petitioner's motion to alter or amend on its merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Rodger Broadway, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, and Matthew W. Kubicek, Assistant Attorney General, for the appellees, Jason Clendenion, Warden at Turney Center Industrial Complex; Frank Strada, Commissioner, Tennessee Department of Correction; and the Tennessee Department of Correction.

## Background

Petitioner, an inmate in TDOC custody at Turney Center Industrial Complex, contests a disciplinary action taken against him. Petitioner was charged with Defiance. The disciplinary report of the underlying incident stated that Petitioner was "involved in creating a disturbance while at the TCIX gym." According to the report, Petitioner "was cursing at an inmate gaining the attention of others." On March 24, 2023, Petitioner went before the Board for a hearing on the charge. Petitioner pled not guilty. He denied yelling or cursing at the inmate in question. The reporting official was asked by Petitioner if he heard him yell or curse at the inmate, to which the official replied, "I could see them both communicating with one another." The Board found Petitioner guilty of Class B Defiance. He was given a fine of four dollars, nine months of package restrictions, and ten days in segregation.

Petitioner appealed to the prison warden, who reduced the conviction to a Class C offense. Petitioner then appealed to the TDOC Commissioner, arguing that Defiance is either a Class A or Class B offense and the warden had no authority to make it a Class C offense. Petitioner asked that the charge be dismissed outright. Instead, the TDOC Commissioner upheld the conviction but reentered the infraction as a Class B offense.

In June 2023, Petitioner timely filed a petition for common law writ of certiorari in the Trial Court against Respondents. He alleged that the charge against him was vague, that he did not have adequate time to prepare for his hearing, and that the Board failed to follow proper procedure. Respondents filed a response in opposition. On February 26, 2024, an order by the Trial Court upholding the Board's decision was filed by the Trial Court clerk. The Trial Court found, in part, that "[t]he petitioner's allegations rest entirely with what petitioner believes was an incorrect ruling rather than a procedural defect as alleged." The Trial Court found further that it could not find even a "minor deviation" in the Board's procedures. The order was signed by the Trial Court on February 26, 2024, but not mailed to the parties by the clerk as shown by the certificate of service until February 27, 2024. On April 3, 2024, Petitioner filed his "motion to alter or amend and correct its finding of facts this court's order February 26, 2024 dismissing this action." The certificate of service on Petitioner's motion was dated March 27, 2024 and stated that "I, [Petitioner] hereby certify that a true and exact copy of the foregoing Motion has been,

---

[1] Rule 10 of the Rules of the Tennessee Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

pursuant to *Rule 5.06 Tenn. R. Civ. P.*, delivered to the appropriate individual at the correctional facility within the time fixed for filing and forwarded postage prepaid to. . . ."

On April 11, 2024, an order signed by the Trial Court denying Petitioner's motion to alter or amend was filed by the court clerk. The Trial Court stated in its order that Petitioner's motion was untimely because it was filed on April 3, 2024, more than thirty days from entry of judgment on February 27, 2024. The order was signed by the Trial Court on April 11, 2024, but not mailed to the parties by the clerk as shown by the certificate of service until April 17, 2024. On May 6, 2024, Petitioner filed a motion "for amended and additional finding[s]." On May 15, 2024, Petitioner signed and mailed what he called his "premature notice of appeal" in this Court. Petitioner's notice of appeal was filed in this Court on May 22, 2024. On June 5, 2024, the Trial Court denied Petitioner's attempted second post-trial motion. This matter is now before us.

## Discussion

Although not stated exactly as such, Petitioner raises the following issues on appeal: 1) whether the Board complied with TDOC uniform procedures and 2) whether the Trial Court erred in denying Petitioner's motion to alter or amend for untimeliness. Respondents raise a separate issue of whether this appeal is timely.

We begin with the issues concerning timeliness, implicating both Petitioner's motion to alter or amend and his subsequent notice of appeal. When a trial court enters a final judgment in a civil case, a litigant generally has two avenues available if he or she wants to challenge the result—file a timely notice of appeal in this Court or file a post-trial motion capable of tolling the time to appeal. As our Supreme Court has explained:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)-(b). If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R. App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id.*; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (footnotes omitted). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Pursuant to Tennessee Rule of Appellate Procedure 2 this Court may not waive the procedural defect. Tenn. R. App. P. 2. A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Regarding those motions which toll the time for appeal, Tenn. R. App. P. 4(b) states:

> **(b) Termination by Specified Timely Motions in Civil Actions.** In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Tenn. R. App. P. 4(b). We note that "successive Rule 59 motions are not allowed." *Parks v. Mid-Atlantic Finance Co., Inc.*, 343 S.W.3d 792, 799 (Tenn. Ct. App. 2011).

With respect to when a judgment becomes effective, Tennessee Rule of Civil Procedure 58 provides:

> Unless otherwise expressly provided by another rule, entry of a judgment or an order of final disposition or any other order of the court is effective when a judgment or order containing one of the following is marked on the face by the clerk as filed for entry:
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
> Following entry of judgment the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment. When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered

judgment to all parties or counsel. If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60.

Tenn. R. Civ. P. 58.

Here, the Trial Court's signed order upholding the Board's decision was filed by the Trial Court clerk on February 26, 2024. All parties or counsel did not sign the order. Instead, the order was mailed to the parties using the third method set out by Tenn. R. Civ. P. 58. The certificate of service was dated February 27, 2024. Pursuant to Tenn. R. Civ. P. 58, the Trial Court's judgment became effective on February 27, 2024. Petitioner had thirty days from February 27, 2024 to file a notice of appeal or else file one of the post-trial motions serving to toll the time in which to file an appeal. Petitioner chose the latter route, filing a motion pursuant to Tenn. R. Civ. P. 52.02 and 59.04, which serves to toll the time for appeal. The certificate of service on Petitioner's motion was dated March 27, 2024 and stated that "I, [Petitioner] hereby certify that a true and exact copy of the foregoing Motion has been, pursuant to *Rule 5.06 Tenn. R. Civ. P.*, delivered to the appropriate individual at the correctional facility within the time fixed for filing and forwarded postage prepaid to . . . ."

The Trial Court found Petitioner's motion untimely for having been filed on April 3, 2024, more than thirty days from entry of judgment on February 27, 2024. However, Tennessee rules make special provision for pro se, incarcerated litigants if they deliver their papers to the appropriate individual at their correctional facility within the time fixed for filing. *See* Tenn. R. Civ. P. 5.06 ("If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. This provision shall also apply to service of paper by such litigants pursuant to the rules of civil procedure."); *see also* Tenn. R. App. P. 20(g) ("If papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. This provision shall also apply to service of papers by such litigants pursuant to the rules of appellate procedure."). The certificate of service on Petitioner's motion to alter or amend states that Petitioner delivered his motion to the appropriate individual at his correctional facility on March 27, 2024, within thirty days of the entry of the February 27, 2024 final judgment. Respondents do not dispute nor is there any evidence in this record to contradict the date on the certificate of service. We therefore hold that Petitioner's motion to alter or amend was timely filed and served to toll the time Petitioner had to file an appeal to this Court.

Respondents argue nevertheless that Petitioner's notice of appeal was untimely filed. According to Respondents, the date triggering thirty days in which to file a notice of appeal was April 11, 2024, when the Trial Court clerk filed the Trial Court's order denying Petitioner's motion to alter or amend. Respondents assert that Petitioner's notice of appeal was untimely as it was signed and mailed on May 15, 2024, more than thirty days later. Respondents assert further that Petitioner's attempted second post-trial motion was untimely or else a prohibited motion to reconsider.

The Trial Court's signed order denying Petitioner's motion to alter or amend was filed by the clerk on April 11, 2024, but it was not signed by all parties. Instead, it was mailed to the parties using the third method of entering an order under Tenn. R. Civ. P. 58. The certificate of service by the Trial Court clerk is dated April 17, 2024. Thus, the Trial Court's order denying Petitioner's motion to alter or amend became effective on April 17, 2024. Petitioner's notice of appeal was timely signed and mailed on May 15, 2024, within thirty days of the April 17, 2024 effective date of the Trial Court's order denying his motion to alter or amend. As for Petitioner's second post-trial motion, we find this to be an attempted successive motion under Rule 59, which is impermissible. However, Petitioner timely appealed the April 17, 2024 order denying his motion to alter or amend, so the impermissible second motion was of no moment for purposes of the time in which to appeal. Respondents' argument that we lack jurisdiction is without merit.

In sum, the Trial Court erred in finding that Petitioner's "motion to alter or amend and correct its finding of facts this court's order February 26, 2024 dismissing this action" was untimely filed. We vacate the Trial Court's judgment and remand for the Trial Court to consider Petitioner's motion on the merits. Petitioner's issue regarding whether the Board complied with TDOC uniform procedures is pretermitted.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for consideration of Petitioner's motion to alter or amend on its merits and collection of the costs below. The costs on appeal are assessed against the Appellees, Jason Clendenion, Warden at Turney Center Industrial Complex; Frank Strada, Commissioner, Tennessee Department of Correction; and the Tennessee Department of Correction.

_____
D. MICHAEL SWINEY, CHIEF JUDGE