IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2025 Session

## BRITTNEY EMMEL ET AL. v. MID-AMERICA APARTMENT COMMUNITIES, INC. ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 83CC-2024-CV-750   Joe Thompson, Judge**

_____

### No. M2025-00343-COA-R9-CV

_____

More than thirty days after denying a motion to compel arbitration, the trial court granted an application for permission to appeal the denial under Tennessee Rule of Appellate Procedure 9.  Because an appeal of an order denying a motion to compel arbitration is an appeal as of right under Tennessee Rule of Appellate Procedure 3, we conclude the appeal was untimely.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Appeal Dismissed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and JEFFREY USMAN, JJ., joined.

Darrick L. O'Dell and Lance W. Thompson, Nashville, Tennessee, for the appellant, Mid-America Apartments, LP.

Justin Hight, Hendersonville, Tennessee, for the appellees, Brittney Emmel and Matthew Emmel.

## OPINION

### I.

When Brittney Emmel and her children began experiencing health issues, she became suspicious that the issues stemmed from mold or a fungus in their apartment.  Later, an inspection and sample testing revealed high levels of mold and fungi, seemingly confirming those suspicions.  So Mrs. Emmel and her husband, Matthew Emmel, on behalf

of themselves and their children, sued their landlord, Mid-America Apartment Communities, L.P.[1]

Under the terms of the residential lease agreement that Mr. and Mrs. Emmel signed with Mid-America, the parties agreed that claims of $10,000 or more would be resolved through binding arbitration in accordance with the Federal Arbitration Act.[2] So, in response to the complaint, Mid-America moved to compel arbitration. The Emmels opposed the motion. The lease agreement, their argument ran, was obtained through fraud, making the arbitration invalid. And, even if not invalid, their children could not be compelled to arbitrate because they were minors and not parties to the lease.

The trial court initially denied the motion as to the children's claims. It concluded that Tennessee Code Annotated § 29-5-101 excepted the children's claims from arbitration. *See* Tenn. Code Ann. § 29-5-101(1) (2024) (excluding from arbitration causes of action "[w]here one (1) of the parties to the controversy is an infant"). The court's order deferred decision on the claims of Mr. and Mrs. Emmel.

After further briefing and a hearing, the court also denied the motion to submit the claims of Mr. and Mrs. Emmel to arbitration. In an order entered on December 19, 2024, the court reasoned that, because of the children's claims, Tennessee Code Annotated § 29-5-101 also prohibited arbitration of the parents' claims.

Within thirty days, Mid-America moved for permission to seek an interlocutory appeal of the order denying the motion to compel arbitration of the parents' claims. On March 4, 2025, the trial court granted permission, certifying the issue as "whether pursuant to Tenn. Code Ann. § 29-5-101, Brittney Emmel and Matthew Emmel, the Adult Plaintiffs, have separate and distinct causes of action from the Minor Plaintiffs, which may be bifurcated and submitted to arbitration proceedings." *See* TENN. R. APP. P. 9(b) (requiring the trial court to certify specific issue for appeal).

## II.

The Federal Arbitration Act "creates a rare statutory exception to the usual rule that parties may not appeal before final judgment." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). Under the FAA, a party may immediately appeal certain interlocutory orders, including orders denying a petition to compel arbitration or refusing to stay an action pending arbitration. 9 U.S.C. § 16(a). While the FAA does not specify the procedure for

---

[1] The Emmels also named Mid-America Apartment Communities, Inc. and MMA Kennesaw Farms as defendants. According to the complaint, the "exact business relationship" among the defendants "is not known."

[2] The parties acknowledged that the lease arose out of "a transaction involving interstate commerce."

appealing such orders, this Court has interpreted the FAA as authorizing an appeal as of right under Tennessee Rule of Appellate Procedure 3. *See Bodor v. Green Tree Servicing, LLC*, No. M2007-00308-COA-R10-CV, 2007 WL 2409675, at *1 n.2 (Tenn. Ct. App. Aug. 24, 2007); *Spann v. Am. Exp. Travel Related Servs. Co.*, 224 S.W.3d 698, 706 (Tenn. Ct. App. 2006). An appeal as of right under Rule 3 is "taken by [the] timely filing [of] a notice of appeal," timely meaning "within 30 days after the date of entry of the judgment appealed from." TENN. R. APP. P. 3(e), 4(a). An untimely notice of appeal deprives this Court of subject matter jurisdiction over the appeal. *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

Here, Mid-America did not file a timely notice of appeal. So we asked the parties to address whether this Court has subject matter jurisdiction to consider a Tennessee Rule of Appellate Procedure 9 interlocutory appeal from an order denying a motion to compel arbitration.

We begin with the threshold inquiry of subject matter jurisdiction. *See Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). Of course, Mid-America contends that we have it. Surprisingly, Mr. and Mrs. Emmel do as well. Although both parties agree, "subject matter jurisdiction cannot be conferred by waiver or consent." *McCarver v. Ins. Co. of State of Pennsylvania*, 208 S.W.3d 380, 383 (Tenn. 2006).

The parties' argument that we have subject matter jurisdiction starts with *Coinbase, Inc. v. Bielski*. In *Coinbase*, the United States Supreme Court stated that, "[u]nder § 16(a) [of the FAA], when a district court denies a party's motion to compel arbitration, that party may take an interlocutory appeal." 599 U.S. at 740. "Congress provided for immediate interlocutory appeals of orders *denying* . . . motions to compel arbitration." *Id.* Mid-America contends that, by describing an order denying a motion to compel arbitration as interlocutory, the Supreme Court "specified the procedure for appealing such orders under the FAA."

Leaving aside the question of whether federal procedure for interlocutory appeals from orders denying motions to compel arbitration is all that different than ours,[3] most courts, including our supreme court, "have held that the Federal Arbitration Act's appeal provisions do not preempt state appeal provisions consistent with the Uniform Arbitration Act." *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 606 (Tenn. 2013). So, if a

---

[3] The FAA references specific interlocutory orders that require the permission of the district judge and the court of appeals as a prerequisite to an immediate appeal. 9 U.S.C. § 16(b); 28 U.S.C. § 1292(b). An order denying an application to compel arbitration is not among those orders; rather the statute simply provides "[a]n appeal may be taken from" such orders. 9 U.S.C. § 16(a)(1)(C). So, in federal court, in an appeal from an order denying a motion to compel arbitration, "[a]s with other civil appeals, the notice of appeal 'must be filed . . . within 30 days after entry of the judgment or order appealed from.'" *Vine v. PLS Fin. Servs., Inc.*, 807 F. App'x 320, 325 (5th Cir. 2020) (quoting FED. R. APP. P. 4(a)(1)(A)).

Tennessee appellate court has subject matter jurisdiction to hear an appeal from an order concerning arbitration, "the grant of jurisdiction must be found in the Tennessee Uniform Arbitration Act, not the Federal Arbitration Act." *Id.* at 607. The TUAA lists those orders and judgments from which "[a]n appeal may be taken," and they include "[a]n order denying a motion to compel arbitration." Tenn. Code Ann. § 29-5-329(a) (2024). Appeals under the TUAA "must be taken as from an order or a judgment in a civil action." *Id.* at § 29-5-329(b). We have interpreted similar language in a former version of the TUAA as creating "an appeal as of right" that must be filed within 30 days of the order as required by Tennessee Rule of Appellate Procedure 4.[4] *Mitchell v. Owens*, 185 S.W.3d 837, 839 (Tenn. Ct. App. 2005). We interpret the current version of the statute in the same way.

Appeals as of right are not limited to final judgments. An "appeal as of right" is defined not by finality but rather by whether "permission of the trial or appellate court [i]s a prerequisite to taking an appeal." Tenn. R. App. P. 3(d). Sure, an interlocutory order sometimes requires permission as a prerequisite to an appeal, such as under either Tennessee Rules of Appellate Procedure 9 or 10, but appeals also may be authorized by statute. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (citing *Aetna Casualty & Surety Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)). And statutes can authorize an appeal as of right for an interlocutory order just like Rule 3(a) authorizes an appeal as of right for final judgments. *See Tuetken v. Tuetken*, 320 S.W.3d 262, 266 & n.2 (Tenn. 2010) (citing the Tennessee Uniform Arbitration Act as creating "a limited exception to the rule that a final judgment adjudicating all of the claims, rights, and liabilities of all of the parties is required before an appeal"); *Samson. v. Hartsville Hosp., Inc.*, No. 01A01-9609-CH-00430, 1997 WL 107167, at *2 (Tenn. Ct. App. Mar. 12, 1997) (same); *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 663 (Tenn. Ct. App. 2021) (the Tennessee Public Participation Act "create[s] a statutory exception to the final judgment rule" allowing immediate appeal).

Finally, Mid-America submits that an application for permission to appeal was appropriate given the nature of the appeal. It is only challenging the denial of the motion to compel arbitration of the claims of Mr. and Mrs. Emmel, not the claims of their children. So the claims of the children would proceed in the trial court no matter the outcome of this appeal. This, according to Mid-America, distinguishes this case "from a case where sending claims to arbitration would effectively end the case in State Court."

We find that argument unpersuasive. The TUAA authorizes an appeal from "[a]n order denying a motion to compel arbitration." Tenn. Code Ann. § 29-5-329(a)(1). The language does not require the motion to seek to compel arbitration of all claims at issue. Although the order of the trial court for which Mid-America seeks review involves only some claims, the order still falls within the limited list of court orders related to arbitration

---

[4] Formerly, the TUAA provided "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." Tenn. Code Ann. § 29-5-319(b) (2012) (repealed 2023).

from which an appeal may be taken.

Even though the arbitration provision in the parties' residential lease agreement is governed by the FAA, our jurisdiction is founded on the TUAA. *See Morgan Keegan & Co. v. Smythe*, 401 S.W.3d at 607. The TUAA, by authorizing an appeal "as from an order or a judgment in a civil action," created an appeal as of right for those orders specified in the TUAA. Tenn. Code Ann. § 29-5-329(b). An appeal of right must "be taken by timely filing a notice of appeal with the clerk of the appellate court as provided in [Tennessee] Rule [of Appellate Procedure] 4." TENN. R. APP. P. 3(e). So Mid-America was required to file a notice of appeal within 30 days of the order denying its motion to compel arbitration of the claims of Mr. and Mrs. Emmel. *Id.* 4(a). Because it did not, this appeal is untimely, so we lack subject matter jurisdiction. *Ball*, 288 S.W.3d at 836.

## III.

This appeal is dismissed for lack of subject matter jurisdiction. The case is remanded to the trial court for further proceedings consistent with this opinion.

                                         s/ W. Neal McBrayer
                                     W. NEAL MCBRAYER, JUDGE